**Lisanne M. Butterfield**
OSB No. 91368
lbutterfield@carrbutterfield.com
**CARR BUTTERFIELD, LLC**
155 B. Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: 503-635-5244
Facsimile: 503-635-2955
Attorneys for Zing Toys, Inc.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **ZING TOYS, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**ZURU, LLC**, an Oregon limited liability company, **ZURU LIMITED** (Hong Kong), **ZURU LIMITED** (New Zealand), **ZURU, INC.**, **ANNA JANE MOWBRAY,** an individual; **MATTHEW PETER MOWBRAY,** an individual; and **NICHOLAS JAMES MOWBRAY,** an individual; and **JOHN DOES 1 – 10**,<br><br>Defendants. | Case No. CV 10-863-MO<br><br>**AMENDED COMPLAINT**<br><br>1. **FEDERAL TRADEMARK AND PATENT INFRINGEMENT**<br>2. **FEDERAL TRADEMARK COUNTERFEITING**<br>3. **FEDERAL TRADEMARK DILUTION / CYBERPIRACY**<br>4. **STATE TRADEMARK DILUTION**<br>5. **UNLAWFUL IMPORTATION**<br>6. **COMMON LAW TRADEMARK INFRINGEMENT**<br>7. **FEDERAL UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN**<br>8. **UNFAIR COMPETITION – STATE LAW CLAIM**<br>9. **MISUSE OF TRADE DRESS**<br>10. **UNJUST ENRICHMENT**<br>11. **VIOLATION OF OREGON TRADE SECRETS ACT**<br>12. **BREACH OF CONTRACT**<br>13. **CONVERSION**<br>14. **DEFAMATION**<br><br>*DEMAND FOR JURY TRIAL* |

Plaintiff, ZING TOYS, INC. ("Zing"), for its Complaint against ZURU, LLC, an Oregon limited liability company, ZURU LIMITED, a company registered in Hong Kong, ZURU LIMITED, a company registered in New Zealand, ZURU, INC., a company registered in the British Virgin Islands, and against the individuals ANNA JANE MOWBRAY, MATTHEW PETER MOWBRAY, NICHOLAS JAMES MOWBRAY, and JOHN DOES 1-10, (all "the Zuru entity" defendants are hereinafter collectively referred to as "Zuru"), states and alleges as follows:

## JURISDICTION AND VENUE

1.

This is an action for trademark infringement, copyright and patent infringement, counterfeit packaging, trade dress, and unfair competition under the laws of the United States (codified at 15 U.S.C. §§1051, 1117, 1124 and 1125 *et seq.*). Zing also asserts claims arising under Oregon laws and Zing seeks injunctive relief.

2.

This court has subject matter jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338. An actual case or controversy exists between the parties at least because Zuru has violated Zing's patent and trademark rights, and Zuru has informed Zing of its intent to continue the alleged infringing activity that constitutes unfair competition, unlawful trade practices, conversion, and that violates Zing's intellectual property rights, and Zuru continues to do so.

3.

This court has supplemental pendant jurisdiction over Zing's state law claims pursuant to the provisions of 28 U.S.C. §1338 (b) insofar as the claims are joined with substantial and related

Page 2 – AMENDED COMPLAINT

federal claims arising under the patent, trademark and copyright laws of the United States.

4.

This Court has personal jurisdiction over Zuru because, at all times relevant, Zuru has and had substantial contacts in the State of Oregon and the contacts with the forum state related to the claims in this action, and Zuru engaged in the alleged wrongful acts in the State of Oregon.

5.

Venue in this judicial district is proper under 28 U.S.C. §§1391 (b) and (c).

**PARTIES**

6.

Plaintiff Zing is an Oregon corporation with its principal place of business in Banks, Oregon.

7.

Ozwest, Inc. ("Ozwest") is an Oregon corporation licensed to do business in the state of Oregon. Ozwest is an entity affiliated with Zing. Zing and Ozwest design, manufacture, license, and sell a variety of toys.

8.

Defendant Zuru, LLC is registered under the laws of the state of Oregon. Based upon information and belief, Zuru, LLC, regularly conducts business in Oregon as a subsidy of Zuru, Inc. and has a business location in Washington County, Oregon.

9.

Based upon information and belief, Zuru Limited (Hong Kong) is organized under the laws of Hong Kong and at all times relevant has actively transacted business throughout the United States, including Oregon.

Page 3 – AMENDED COMPLAINT

10.

Based upon information and belief, Zuru Limited (New Zealand) is organized under the laws of New Zealand and at all times relevant has actively transacted business throughout the United States, including Oregon.

11.

Based upon information and belief, Zuru Inc. is organized under the laws of the British Virgin Islands and at all times relevant has actively transacted business throughout the United States, including Oregon.

12.

By and through its affiliated entities, Zuru, LLC, Zuru Limited, Zuru, Inc., Zuru.com, Zuru-Inc., Guru Global Limited, Guru Toys, Guru Toys, Ltd., TEAM Zuru, and Zuru Toys, Zuru sell toys and sporting goods products in over 40 countries world-wide, including the United States and China.   These entities are collectively referred to as "Zuru," which, based upon information and belief, employs over 500 people worldwide.

13.

Based upon information and belief, Anna Jane Mowbray ("Anna Mowbray") is (a) a member and principal, officer and/or controlling shareholder of Zuru, LLC; (b) a principal, officer and/or controlling shareholder Zuru Limited (Hong Kong); (c) a principal, officer and/or controlling shareholder Zuru Limited (New Zealand); (d) a principal, officer and/or controlling shareholder of Zuru, Inc.; and (e) is one of the conscious, active and dominant forces behind the wrongful and unlawful activities, of the corporate defendants in this case.

14.

Based upon information and belief, Matthew Peter Mowbray ("Matt Mowbray") is (a) a

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

principal, officer and/or controlling shareholder of Zuru, LLC; (b) a principal, officer and/or controlling shareholder Zuru Limited (Hong Kong); (c) a principal, officer and/or controlling shareholder Zuru Limited (New Zealand); (d) a principal, officer and/or controlling shareholder of Zuru, Inc.; and (e) is one of the conscious, active and dominant forces behind the wrongful and unlawful activities, of the corporate defendants in this case.

15.

Based upon information and belief, Nicholas James Mowbray ("Nick Mowbray") is (a) a member and principal, officer and/or controlling shareholder of Zuru, LLC; (b) a principal, officer and/or controlling shareholder Zuru Limited (Hong Kong); (c) a principal, officer and/or controlling shareholder Zuru Limited (New Zealand); (d) a principal, officer and/or controlling shareholder of Zuru, Inc.; and (e) is one of the conscious, active and dominant forces behind the wrongful and unlawful activities, of the corporate defendants in this case.   At all times relevant, defendant Nick Mowbray handled the marketing and sales of toys products for the corporate defendants in this case, and had direct and regular contact with Zing's business affiliates, to whom Nick Mowbray knowingly made disparaging misrepresentations of material facts regarding the intellectual property rights of Zing and the safety standards of the products designed, manufactured and sold by Zing.

16.

Based upon and belief, Matt Mowbray, Anna Mowbray, and Nick Mowbray regularly conduct business within the United States to market, distribute and sell Zuru's toy products.  At all times relevant, Nick Mowbray attended the toy industry's major toy shows in Dallas, Texas, New York and elsewhere.  Matt Mowbray, Anna Mowbray, and Nick Mowbray are hereinafter collectively referred to as "the Mowbrays" or "the Mowbray defendants."

Page 5 – AMENDED COMPLAINT

17.

Steve Walterscheid ("Walterscheid"), a resident of Oregon and citizen of the United States, is the President of Zing, which employs less than 10 people.

18.

Peter Cummings ("Cummings"), a natural born citizen of Australia and resident of Oregon, is a consultant to Zing.  At all times relevant, Cummings was contracted to manage the design/invention and production aspects of Zing's operations in the United States and worldwide.  It is based upon Cummings' design and production expertise, toy manufacturing techniques and valuable relationships with toy manufacturing facilities in mainland China which formed the basis of Zing's business relationship with Zuru.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

19.

For at least ten years, Walterscheid and Cummings have been engaged in the business of designing, licensing, manufacturing and selling toy products in the United States and throughout the World.  Since at least as early as 2008, Zing designed, developed, marketed, advertised, licensed, distributed and sold Zing's original toy products, including, but not limited to, ZeeBeez (and the entire ZeeBeez product line), Jumpz, HaiRazin' Hedz, Roomarang, RoomBoom, Zoomarang, Copterang, Helirang, Zartz (and the entire Zartz product line), PopShotz Blaster, Aquaglider, Zyclone and Mega Jumpz in interstate commerce and in other foreign markets in Europe, North America, South America, South Africa, Australia and worldwide.  (These toy products are hereinafter collectively referred to as the "Zing Toy Products.")

20.

Zing Toy Products are unique in design, function and product packaging.  Zing and

Page 6 – AMENDED COMPLAINT

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

Ozwest are extremely cautious about adding new items to the Zing Toy Product line and branding.  Since at least early 2009, Zing adopted and used the "Zing" mark in the State of Oregon, and throughout the United States and the World.

21.

On or about May 26, 2009, Zing obtained federal registration for the trademark "Zing", which is also a service mark as that term is defined by the laws of the United States and Oregon. "Zing" is a registered mark documented as United States Patent & Trademark Registration Number 3626244, (Certificate of which is attached as Exhibit A), which is owned by Zing and used for custom toy manufacturing purposes.  "Zing!" is a registered mark, documented as United States Patent & Trademark Number 3469484 (Certificate of which is attached as Exhibit B), which is used for toy products, board games, parlor games and party games.  Pursuant to ORS 647.015, *et. seq.*, Zing also applied for registration of the "Zing" trademark with the State of Oregon.

22.

At all times relevant to this action, Zing possessed all rights, title and interest in the trade name "Zing."  Due to the unique toy branding, and originality and quality of its toy products and novelty items, the "Zing" trade name carries with it distinctive qualities of favorable associational value.

23.

Zing is the owner of the "ZING" stylized image mark, which is pending United States Trademark Application 77/362152 for "pop-up toys."

24.

Zing is the owner of the "ZING" stylized image mark which is pending United States

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

Trademark Application 77/658499 for "hand powered non-mechanical flying toys."

25.

Zing is the owner of the trademark "ZING AIR", which is documented as pending United States Trademark Application 85/073890 for the following toy products and novelty items: "Toy Guns," "Toy Pistols," "Toy Weapons," "Flying Discs" and hand powered non-mechanical flying toys."

26.

Dating back to at least as early as 2007, Zing granted Zuru non-exclusive, limited, revocable rights to distribute for sale in limited geographic areas of Asia, Europe, Central America, South America and North America (collectively, "the Zing/Zuru Limited Distribution Products").  Certain specifically identified Zing Toy Products, which Zing exclusively invented ("Mega Jumpz") and for which Zing had licensed from an outside inventor (Zyclone), Zing agreed to allow Zuru to both manufacture and distribute in limited geographic areas.  Zuru also distributed other Zing Toy Products, including the Zeebeez, Baldeez, Sporteez, Fro Bro ZeeBeez, Jump, HaiRazin', Hedz, Roomarang, RoomBoom, Zoomarang, Copeterang, Helirang, PopShotz Blaster, and Aquaglider.  Limited and revocable distribution arrangements were made in regard to Zuru's entitlement to manufacture and distribute the Zing/Zuru Limited Distribution Products.

27.

Pursuant to an exclusive license from John W. Hunter, Zing is also the beneficial owner of the "Zyclone", a Ring Airfoil Launching System, holding the United States Patent number 6,742,509 (Certificate of which is attached as Exhibit F).

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

28.

Zing claims an exclusive copyright for the original artwork of the stylized logos "ZING" and "ZING AIR."  (*See* Exhibit E, original artwork for "ZING" and "ZING AIR" logo.) Since or about January 5, 2010, Zuru improperly, and without Zing's consent or authority, misappropriated and attempted to convert to its own use the "Zing" trademark and "ZING AIR" logo design, uniquely stylized lettering and configuration, thereby causing consumer confusion and dilution of Zing's goodwill in the market place.  Specifically, on or about June 15, 2010, and continuing through today, based upon information and belief, the corporate defendants (including Zuru, Inc.) and the Mowbray defendants misappropriated for their own use the Zing trade dress, trademark, logo and product design on the packaging of a product called the "Wazooka."

29.

By misappropriating and using for defendants' own benefit the packaging, trade dress and uniquely stylized lettering of Zing, defendants infringed upon proprietary trade dress rights and diluted the value of Zing's uniquely stylized "ZING AIR" logo.

30.

By misappropriating for their own unauthorized use the designs and packaging unique to the Zing Toy Products, defendants (and each of them) and specifically Zuru, Inc. attempted to benefit from Zing's unique product design and packaging, and product branding and product placement at retail and wholesale distribution.  Zuru is doing business and committing acts of trademark infringement, patent misuse and unfair competition in the United States, including Oregon.

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

31.

Zing exclusively originated, designed, promoted, and is currently in the process of seeking United States copyright and patent protection for its original toy products identified above (and hereinafter referred to as the "Zing Toy Products").  Zing is the owner of the rights, title, and interest to sue those who violate its copyrighted work.  From 2006 and at all times relevant, Zing was the exclusive distributor of the "Wazooka" product in the United States.

32.

Since at least early 2009, Zuru and Zing agreed that pricing for all Zing/Zuru Limited Distribution Products was respectively set at a per unit cost, with an express promise by Zuru to timely pay Zing 20% in royalty fees based upon the wholesale cost for each unit sold at the time of shipping.  Zuru also promised to timely furnish Zing quarterly reports to reconcile and substantiate the number of units sold and per unit costs for each Zing/Zuru Limited Distribution Product sold/charged by Zuru, or otherwise distributed in any way to market by Zuru.

33.

For a limited number of the Zing/Zuru Limited Distribution Products (specifically, the Zyclone and Mega Jumpz), Zing agreed to sell these products to Zuru for the limited purpose of distribution to certain pre-identified markets, provided that Zuru complied with the set, agreed-upon pricing and volume structure, which was specifically and expressly communicated by Zing to Zuru.  Zuru initially agreed, but later failed and refused to comply with the pricing and volume structure set by Zing, and Zing repeatedly notified Zuru that terms of the limited distribution rights were contingent upon the set pricing and volume formula.

34.

In early 2010, Zuru violated the Limited Distribution Agreement by ordering and

Page 10 – AMENDED COMPLAINT

accepting Zing toy products from Zing's factory partner (based in China) without the knowledge, consent or approval of Zing.  Zing became aware of this when its factory partner directly invoiced Zing for the product directly ordered by Zuru.  At issue specifically under the Zing/Zuru Limited Distribution Agreement was the "Zeebeez."  Zing granted Zuru permission to purchase the ZING AIR line of Toys, specifically the RoomBoom, Zoomarang, Copterang, Helirang and Popshotz Blaster, directly from Zing's partner factory, Changhui and compensate Zing the set price of 20% of the selling price of each toy unit at the time of shipping from China. Zuru expressly agreed, but failed, to compensate Zing the set price of 20% of the selling price of each toy unit sold, which Zuru had agreed would be paid at the time product was shipped.  To this date, despite repeated demands for same, Zuru has failed and refused to compensate Zing for the said product purchased directly from Zing's partner, Changhui.

35.

On or about February 1, 2010, through June 1, 2010, without consent, approval or agreement from Zing, Zuru unilaterally imposed a 7% "deduction" in the total amount of $13,107.78, which Zuru deducted from amounts otherwise due to Zing from Zuru.  Zuru, Inc., acting through its local representatives, unilaterally imposed the "deduction" without consent or agreement from Zing and Zuru did so based upon Zuru's claim that the Changhui factory raised prices by that amount.  The unpaid amounts due Zing from Zuru through June 18, 2010, for sales of Zing's products shall be proven at trial, but is estimated to be an amount not less than $200,000 USD, plus interest, late fees, attorney's fees and costs.

36.

Despite repeated demands from Zing, Zuru has failed and refused to honor its payment obligations, including but not limited to the payments of 20% above the per unit sale costs at the

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

time of shipping, payment of which was due and owing from Zuru to Zing at the time of shipment.

37.

The Zyclone is a Zing licensed product with patent protection throughout Europe, the United States, Canada and other markets worldwide.  For the purposes of the Limited Distribution Agreement, Zing granted Zuru the temporary, revocable and limited right to manufacture and distribute Zing's exclusive products including the "Zyclone."  At all times relevant, the distribution rights were subject to an express, agreed-upon pricing structure that preserved Zing's entitlement to no less than 50% of the realized profit obtained by Zuru based upon the actual cost and volume of the product manufactured and ultimately distributed for sale by Zuru.  Zing and Zuru agreed to a set break down of the profit-split based upon whether the product was ultimately sold through a distributor vs. direct retail.

38.

Despite its promises, Zuru, Inc. and its related entities breached its duty of good faith and fair dealing by charging Zing exorbitant and unreasonably inflated factory costs to manufacture and distribute Zing's product (*e.g.,* the Zyclone product).  The unreasonably inflated factory costs charged by Zuru to Zing were inconsistent with and considerably higher than competing manufacturing estimates that Zing secured from other similarly-equipped Chinese manufacturers. Due to the unfair and above-market pricing, on or about December 1, 2009, Zing discontinued its reliance upon Zuru to manufacture the Zyclone product, and Zing began manufacturing at other facilities outside of Zuru.

39.

On or about April 23, 2010, upon Zuru's request for payment, Zing purchased from Zuru

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

certain toy mold/tooling for production of the Helirang, Zoomarang and RoomBoom (the "Molds"), the control, possession and return of which remain at issue in this court action. Specifically, Zing paid Zuru the total amount of $17,100 USD, proof of payment of which is attached as Exhibit G.

40.

On or about July 14, 2009, upon Zuru's request for payment, Zing purchased from Zuru certain toy tooling machinery and molds for production of the "Zartz Paddle" and the "Zyclone" ring airfoil rings parts the control, possession and return of which remain at issue in this court action. These items included the Zyclone ring airfoil rings and foam cartridge. In May 2009, upon Zuru's demand for payment, Zing paid Zuru the total amount of $9,662.71 as valuable consideration for purchase of the Zyclone tooling ($7,567.25 for the Zyclone molds and $2,095.46 for the Zartz paddle molds, proof of payment in the total amount of $9,662.71 is attached as Exhibit C).

41.

On or about May 29, 2009, Zing purchased from Zuru, and tendered payment to Zuru, in the amount of $10,831.01, for two (2) machines originally used for manufacturing and production of the Roomarang, but which are now used for manufacturing parts of the Zyclone toy product. (The tooling machinery and molds for the "Zartz paddle," the "Zyclone" Ring Airfoil Launching System and the two machines for manufacturing parts of the Zyclone product are collectively referred to hereinafter as the "Zyclone tooling," receipt for payments of which, in the total amount of $10,831.01 is attached as Exhibit D).

42.

As a consequence of Zuru's unfair market pricing practice, Zing had no choice but to

Page 13 – AMENDED COMPLAINT

retool at great expense in order to make the cost of the Zyclone reasonable for resale. Despite its express promises, and demand from Zing, Zuru failed and refused to tender or otherwise pay to Zing the agreed-upon 50% profit split from that quantity of the Zyclone product that Zuru manufactured/distributed before Zing retooled and switched to another manufacturer.

43.

The "Mega Jumpz" is a Zing Toy Product invented by Walterscheid, who expressly reserved all rights, title and interest to the product. At all times relevant to this action, "Mega Jumpz" is and was a Zing-licensed product with patent pending protection throughout the United States.

44.

For the purposes of the Limited Distribution Agreement, Zing granted Zuru the temporary, revocable and limited right to manufacture and distribute Zing's exclusive product called the "Mega Jumpz," subject to an express, agreed upon pricing structure that preserved Zing's entitlement to no less than 50% of the realized profit obtained by Zuru based upon the actual cost and volume of the product manufactured and ultimately distributed for sale by Zuru. Zing and Zuru agreed to a pro-rated profit-split based upon whether the product was ultimately sold through a distributor vs. direct retail.

45.

Zuru, Inc. and its related entities breached their duty of good faith and fair dealing by charging Zing exorbitant and unreasonably inflated factory costs to manufacture the "Mega Jumpz" product for distribution. The unreasonably inflated factory costs were inconsistent with and considerably higher than competing manufacturing estimates that Zing secured from other similarly-equipped Chinese manufacturers.

Page 14 – AMENDED COMPLAINT

46.

Based upon Zuru's above-alleged actions and its stated intentions to produce products (Helirang and Zartz) in Zuru's own factory or with a third party, Zing immediately demanded and that Zing's previously-purchased Molds and Zyclone Tooling be returned to Zing. Zing informed Zuru that any unauthorized manufacture of Zing's toy products by Zuru would not be tolerated. Zing expressly demanded that Zuru return the Molds and Zyclone Tooling to Zing within one (1) week, or all arrangements for distribution and manufacturing between Zing and Zuru would be null and void. Zing requested that all monies owed to Zing be immediately paid by Zuru. The Molds were not returned, the monies owed by Zuru have not been paid. To date, Zuru has failed and refused to pay Zing for Zing Toy Products sold and distributed by Zuru. Because of Zuru's continuing breach of the Limited Distribution Agreement, on or about June 30, 2010, due to the Molds being withheld and monies still due and unpaid by Zuru, Zuru's distribution and manufacture of Zing's goods as the Limited Distribution Agreement was effectively terminated.

47.

On or about January 5, 2010, and on several dates thereafter, Zing notified Zuru of Zing's original art work, toy branding, uniquely stylized packaging, intellectual property rights (registered, reserved and pending) in the Zing Toy Products, including the marks and artwork on the "Wazooka" packaging.

48.

Based upon information and belief, since at least September 11, 2009, and continuing through at least January 26, 2010, without the authority or consent of Zing, Zuru misappropriated Zing's marks, logos, original artworks, trade dress and packaging associated with the Zing Toy

Page 15 – AMENDED COMPLAINT

Products, including, but not limited to, the "Wazooka".

49.

On or about January 6, 2010, Zing made demand upon Zuru to cease and desist from the use and misappropriation of Zing's marks, logo and packaging associated with the Zing Toy Products.  Zuru responded by expressly acknowledging to Zing that the trademark and logo were indeed unique to Zing, and Zuru promised to immediately remove the "ZING AIR" logo and artwork from the "Wazooka" packaging.  Despite repeated demand from Zing, Zuru failed to remove the Zing Air logo and artwork from the "Wazooka" packaging, Zuru's website, Zuru's customer's websites, and printed marketing and sales brochures.  Based upon information and belief, Zuru continued (at least until January 26, 2010, and perhaps beyond that date) to infringe upon Zing's trademark, logos, uniquely stylized artwork by shipping, selling, marketing and distributing the "Wazooka" throughout the United States and in international markets.

50.

On or about June 15, 2010, Zing learned that without authority, consent or stipulation, Zuru has continued, and intends to continue, to manufacture, import, and sell the Zing Toy Products and specifically the "Wazooka," which bears "Zing" marks and art-work, without compensating Zing for same.

51.

As a direct consequence of Zuru's sales tactics and unfair trade competition, Zing's "Wazooka" product eventually failed.  Specifically, Zuru intentionally set unfair pricing structures to undercut Zing by virtue of Zuru's direct retails sales offers with FOB China pricing. As a direct consequence of Zuru's deliberate and willful acts, Zing was also forced to liquidate its stock of "Wazookas" at below cost close-out pricing.  Zing therefore had reason to

Page 16 – AMENDED COMPLAINT

discontinue the business relationship with Zuru.

52.

Based upon information and belief, Zuru continues to harm Zing by improperly, and without authority, marketing, distributing and selling the "Wazooka" product in the United States and in the international market with Zing marks, branding and artwork. Without consent, approval or agreement from Zing, Zuru continues to bring the "Wazooka" to market without compensation to Zing for use of its valuable branding, marks and original artwork, and Zing continues to suffer damages thereby. The exact amount of these losses will be proven at trial, but are estimated to be an amount not less than $500,000 USD.

53.

Zuru expressly informed Zing that Zuru intends to willfully and deliberately violate and ignore Zing's intellectual property rights, including but not limited to, Zing's unique trade dress by using exclusively-designed ZING AIR artwork, color schemes, and packaging on one or more products similar to the Zing Toy Products. Specifically, as of June 15, 2010, Zuru informed Zing representatives that Zuru intends to manufacture and distribute both the "Helirang" and "Zartz," and based upon information and belief, Zuru continues to do so without the consent, authority or agreement from Zing.

54.

Without the consent, authority or agreement from Zing, and over express objection from Zing, Zuru has continued to use the Zing trademarks and original artwork on Zuru's toy packaging, despite the fact that Zuru knew, or should have known, that Zing claim a protected copyrighted interest in the Zing Toy Product packaging, specifically the "Wazooka".

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

55.

As of at least as early as February 1, 2009, Zing owned the Molds used by Zuru to exclusively manufacture and distribute Zing's specialized toy products, including the ZING AIR product line. The Molds are located in a factory (the CMS Factory - Changhui) in China. Zing, absent any legally-binding obligation to do so, permitted Zuru to purchase the ZING AIR items – *e.g.,* RoomBoom, Zoomarang, Copterang, Helirang, Popshotz Blaster and Zartz -- directly from Changhui.

56.

Zing and Zuru agreed that in exchange for the direct factory purchase by Zuru of the Zing's products, Zuru would pay Zing 20% of the sale cost at the time of shipping. Zuru was commissioned by Zing to tool extra "Helirang," "Zoomarang" and "RoomBoom" Molds based upon Zing designs, for which Zing paid in full. These Molds were faulty and returned to Zuru for repair. On or about June 16, 2010, Zuru notified Zing that Zuru intended to keep possession of the Molds and Zuru also informed Zing that Zuru intended to make "Zartz" Molds in order to copy manufacture the Zing Toy Products, and Zuru also threatened to alternatively have a third-party manufacture the Zing Toy Products, all in violation of Zing's exclusive intellectual property rights.

57.

Zing promptly and expressly objected to Zuru's unauthorized use of the "Helirang" Molds and Zing demanded that Zuru return to Zing's representatives *all* Molds for which Zing paid valuable consideration and which Zing needed to manufacture and distribute Zing Toy Products. Without consent or authority from Zing, on or about June 17, 2010, Zuru expressly

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

informed Zing that Zuru would, and eventually did attempt to, "takeover the manufacturing" of ZING AIR production and hold without Zing authorization the Molds for Zuru's piracy and unauthorized sale of the Zing Toy Products at issue.

58.

Zuru has informed Zing that Zuru intends to willfully and deliberately violate and ignore Zing's intellectual property rights, specifically by infringing upon Zing's uniquely-stylized trade dress, packaging and toy branding. On or about June 16, 2010, Zuru informed Zing that Zuru intends to continue, and has in fact continued, to manufacture and distribute the Zing-originally designed toy products "Helirang" and "Zartz," despite Zing's bona fide claim of intellectual property rights in same.

59.

Without Zing's consent or approval, and in willful violation of Zing's intellectual property rights, from at least as early as January 5, 2010, through present, Zuru has misappropriated Zing's unique "ZING AIR" logo at least 250 times on each package sold, in toy packaging sold and distributed by Zuru on its websites and elsewhere.

60.

From early January 2010, and more recently, Zing notified Zuru that Zuru had violated Zing's copyrights and trademarks by the misuse of the "ZING AIR" logo. In response, Zuru acknowledged the violation and promised to rectify it by removing the offending packaging and references to the "ZING AIR" logo from Zuru's "Wazooka" product packaging. As of this date, Zuru has failed and refused to honor its promises to comply. This continuing misappropriation alone directly harmed, and continues to harm, Zing by diluting the value of its unique trade dress and packaging, and by the damage that Zuru caused to Zing's customer good will due to the

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

market confusion and counterfeited art work that is, and at all times was, unique to Zing. Zing has been damaged in an amount to be proven at trial, but not less than $500,000, as a result of Zuru's unauthorized use of the "ZING AIR" logo.

61.

On several occasions, including, but not limited to January 6, 2010, Zing expressly notified Zuru that Zuru had violated Zing's intellectual property rights and proprietary rights (particularly the misuse of Zing's "ZING AIR" logo, and patented toy products, stylized packaging and branded trade colors).

62.

On several occasions, including but not limited to, June 19, 2010, Zing also made a demand upon Zuru to cease and desist from the unauthorized use of Zing's Molds (that were uniquely-designed to make Zing Toy Products, including but not limited to the "Helirang" and "Zartz"). Despite repeated demands by Zing, Zuru failed and refused to discontinue its improper and unauthorized use of Zing's Molds, stylized packaging and branded trade colors causing confusion in the market place and dilution of the market value of Zing's exclusive specialized trade dress. Despite repeated demands from Zing, Zuru has also failed and refused to return the Molds to Zing.

63.

On several occasions, including via email on June 24, 2010, Zing expressly informed Zuru and the Mowbray defendants that Zuru was infringing upon Zing's intellectual property and proprietary rights by virtue of Zuru's unauthorized manufacturing of Zing Toy Products at the Zuru factory, or by a third-party factory. Zing demanded that Zuru cease and desist from such unlawful conduct, but Zuru has failed and refused to comply. Based upon information and

Page 20 – AMENDED COMPLAINT

belief, Zuru and the Mowbray defendants continue to convert for Zuru's own purposes the property of Zing, specifically the unique Molds used to make Zing Toy Products.

64.

On more than one occasion, including, but not limited to, June 24, 2010, Zing expressly notified Zuru that Zuru had infringed, and was continuing to infringe, upon Zing's copyrights, trademarks and patented toy products in several ways, including Zuru's obvious and documented unauthorized use of Zing's stylized packaging, trademark and trade colors for Zuru's knock-off toy products.  At that time, Zing also expressly demanded, but Zuru failed and refused, to cease and desist from its unauthorized use of Zing's intellectual property and mold/tooling equipment and Zing demanded return of Zuru's unauthorized possession and control of Zing's Molds, and compensation for the unauthorized use of same.  As of this date, Zuru has failed and refused to honor Zing's demand that the Molds and tooling be returned within seven (7) days.

65.

In addition to the demand for return of the Molds, Zing also demanded that Zuru immediately effectuate payment to Zing for all royalties and sale profits due Zing from Zuru for Zing's product sold.  Zuru has failed and refused to comply with its obligations to make payments, as promised.

66.

On or about June 24, 2010, and on multiple dates prior, Zing expressly demanded that Zuru immediately respond as follows:

        a.      Immediately cease and desist the unauthorized manufacturing, distribution and sale of any and all Zing Toy Products;

        b.      Immediately correct all of Zuru's print media and advertising which

Page 21 – AMENDED COMPLAINT

includes misuse of Zing's trade dress, packaging and patented products, and which dilutes the value of Zing's trade name and reputation in the industry;

      c.      Immediately modify and correct all unauthorized use of Zing's copyrighted materials, including but not limited to any Pantone-colored Zuru product that contains Zing's distinctive use of Green and Blue combination;

      d.      Compensate Zing for all monies due Zing for products already shipped by Zuru: and

      e.      Confirm in writing that Zuru will cease and desist from its improper manufacture and distribution of Zing's items without express authorization from Zing's principles, Walterscheid and/or consultant Cummings.

67.

In response to the above demands, Zuru failed and refused to comply and requested that Zing "please sue us."

## COUNT I

### (Federal Trademark and Patent Infringement – 15. U.S.C. §1114 and 35 U.S.C. §271)

68.

Zing re-alleges and incorporates Paragraphs 1 through 67 above, as though fully set forth herein.

69.

By virtue of the repeated and express notice of Zing's rights provided by Zing to Zuru, Zuru and the Mowbray defendants had actual and constructive knowledge of the trademarks registered to Zing Toy Products, Registration 3626244 (*see* Exhibit A).  Zuru and the Mowbray

Page 22 – AMENDED COMPLAINT

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

defendants were informed that since at least as early as January 5, 2010, Zing first used the

unique trademark and claimed copyrights to the Zing Toy Products and original art work of the

"ZING AIR" logo.  Based upon information and belief, Zuru and the Mowbray defendants also

had knowledge of Zing's patent rights in the "Zyclone," and is believed to be misappropriating

and infringing upon the patent for the "Zyclone" product, by using, making, offering to sell, or

selling the Zyclone product without Zing's consent or authorization.

70.

The acts of Zuru and the Mowbray defendants as described above constitute an

infringement of Zing's rights to use its federally-registered marks and patents, with

consequential damages to Zing, which include, but are not limited to, the loss of business

revenue and goodwill associated with the Zing's mark and the original "ZING AIR" logo and for

the "Zyclone" product, all of which specifically gives rise to this action under 15 U.S.C. §1114

and 35 U.S.C. §271.

71.

By reason of the foregoing, Zing is entitled to injunctive relief to prevent Zuru and the

Mowbray defendants from commercially manufacturing, using, selling, or offering to sell within

the United States or to import into the United States any of Zing's products, including but not

limited to the Zing Toy Products that have the "ZING AIR" logo, and including the Zyclone toy

product.  Zing is further entitled to damages proven to be caused by reason of Zuru's acts of

infringement, and to recover enhanced damages based upon the willful, intentional, and/or

grossly negligent activities of Zuru and the Mowbray defendants.  The exact amount of these

claimed damages are unknown at this time, but will be proven at trial and amount estimated to be

at least $2 million dollars (U.S.)

Page 23 – AMENDED COMPLAINT

## COUNT II

### (Federal Trademark Counterfeiting – 15 U.S.C. §1116)

72.

Zing re-alleges and incorporates Paragraphs 1 through 71 above, as though fully set forth herein.

73.

By virtue of the repeated and express notice by Zing to Zuru and the Mowbray defendants of Zing's exclusive trademark rights, Zuru had actual and constructive knowledge of the trademarks registered to Zing. Zuru and the Mowbray defendants were informed that since at least as early as January 5, 2010, Zing first used the unique "Zing" trademark and Zing claimed copyrights to the Zing Toy Products and original art work of the "ZING AIR" logo.

74.

In complete disregard to the actual and constructive knowledge that Zuru and the Mowbray defendants possessed regarding Zing's trademark rights, Zuru and the Mowbray defendants knowingly, intentionally and with malice continued to use Zing's trademark, and Zuru and the Mowbray defendants did so over Zing's express objections and without Zing's consent, authority, or approval.

75.

The acts of Zuru and the Mowbray defendants as alleged above constitute counterfeiting Zing's federally-registered marks. By virtue of Zuru's counterfeiting, Zuru has caused and continues to cause consequential damages to Zing. These damages include, but are not limited to, the loss of business revenue and goodwill associated with Zing's mark and the original "ZING AIR" logo, all of which specifically gives rise to this action under The Trademark

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

Counterfeiting Act of 1984, and the Anti-counterfeiting Consumer Protection Act of 1996.

76.

By reason of the foregoing, Zing is entitled to any damages proven to have been caused by reason of defendants' acts of counterfeiting, and Zing is entitled to recover enhanced, treble damages based upon the willful, intentional, and/or grossly negligent activities of Zuru. The exact amount of these claimed damages are unknown at this time, but will be proven at trial and amount no less than $500,000.

77.

Based upon information and belief, defendants have, and are likely to continue to, conceal or transfer the offending "ZING AIR" toy product materials and instrumentalities. In addition to money damages, Zing is entitled to an ex parte order to seize the subject counterfeit materials and instrumentalities in order to mitigate further damage and prevent further damage to Zing.

## COUNT III

### (Federal Trademark Dilution / Cyberpiracy – 15 U.S.C. §1125)

78.

Zing re-alleges and incorporates Paragraphs 1 through 77 above, as though fully set forth herein.

79.

Zuru, in a false and misleading fashion, in connection with the sale and distribution of toy goods, used in interstate commerce the word "Zing."  Without the consent, approval or authorization of Zing, Zuru used the "Zing" symbol and unique packaging of "ZING AIR" in order to cause confusion, mistake, and/or to deceive the public as to Zuru's affiliation with Zing.

Page 25 – AMENDED COMPLAINT

Zuru also used the "Zing" mark and unique packaging in order to deceive the public regarding the origin, sponsorship or approval by Zing of toy goods sold and/or distributed by Zuru.

80.

In its commercial advertising, promotional printed media, and/or on its website, Zuru, with bad faith intent to profit from misuse of Zing's trademark, misrepresented the nature, characteristics, qualities, or geographic origin of Zing's toy good products, and thereby diluted the trademark "Zing."

81.

By virtue of the repeated and express notice by Zing to Zuru of Zing's exclusive trademark rights, Zuru knew or should have known that Zuru would, and in fact did, dilute the market value of Zing's trademark when Zuru continued to misappropriate trademark, unique toy packaging and toy branding on Zuru's website, in printed media and elsewhere.

82.

Zuru knew, or should have known, that it would cause irreparable damage and injury to Zing's business reputation if Zuru saturated the toy industry market by misappropriating and/or improperly using or referring to the "Zing" trademark on Zuru's website, in printed media and elsewhere.

83.

In complete disregard for the actual and constructive knowledge that Zuru had regarding Zing's trademark rights, Zuru knowingly, intentionally and with malice continued to dilute Zing's trademark, and caused confusion in the marketplace. Zuru did so over Zing's express objections and without Zing's consent, authority or approval.

Page 26 – AMENDED COMPLAINT

84.

The acts of Zuru as herein alleged constitute trademark dilution and injury to Zing's business reputation.  By virtue of Zuru's acts and omissions herein alleged, Zuru caused, and continues to cause, consequential damages to Zing.  These damages include, but are not limited to, the loss of business revenue and goodwill associated with Zing's mark and the original "ZING AIR" logo, all of which specifically give rise to this action under The Federal Trademark Dilution Act of 1995, as codified in Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)).

85.

By reason of the foregoing, Zing is entitled to any damages proven to be caused by reason of Zuru's acts of diluting Zing's trademark and thereby causing business injury to Zing. Zing is further entitled to injunctive relief as set forth in 15 U.S.C. §1116, to recover enhanced, treble damages based upon the willful, intentional, and/or grossly negligent activities of Zuru. The exact amount of these claimed damages are unknown at this time, but will be proven at trial and amount to no less than $500,000.

## **COUNT IV**

### **(Action for Dilution under Oregon's Antidilution Statute – ORS 647.107)**

86.

Zing re-alleges and incorporates Paragraphs 1 through 85 above, as though fully set forth herein.

87.

Zuru violated ORS 647.107, which protects trade names, like the name "Zing" at issue herein.

Page 27 – AMENDED COMPLAINT

88.

By virtue of Zuru's acts and omissions as above-described, Zuru caused a substantial

likelihood of injury to the business reputation of Zing and Zuru diluted the distinctive quality of

the "ZING" trademark.  Zuru's acts and omissions caused confusion in the marketplace.

Customers' perception of the brand name "ZING" has been compromised and devalued because

of Zuru's malicious and willful acts of continuing to copy the "ZING" logo on Zuru's packaging

and continuing to list Zing toy products on Zuru's website.

89.

Based upon the above, Zing is entitled to money damages and amount to be proven at

trial, but not less than $500,000, plus injunctive relief to prevent Zuru from using the "ZING

AIR" trade name or any variations of it.

## COUNT V

### (Unlawful Importation – 15 U.S.C. §1124)

90.

Zing re-alleges and incorporates Paragraphs 1 through 89 above, as though fully set forth

herein.

91.

Based upon information and belief, Zuru has continued, and plans to continue, to import

and/or misappropriate toy products that copy and simulate very closely Zing Toy Products that

include the "Zing" registered trademark.

92.

Zuru's continued importation of merchandise that copies and simulates Zing's registered

trademark will cause irreparable damage and injury to Zing in the form of difficult to quantify, or

Page 28 – AMENDED COMPLAINT

unascertainable, losses and damage to Zing's business reputation.

93.

In complete disregard for the actual and constructive knowledge that Zuru had regarding Zing's trademark rights, Zuru knowingly, intentionally and with malice continued to import the offending merchandise, and has caused confusion in the marketplace.  Zuru did so, and continues to do so, over Zing's express objections and without Zing's consent, authority or approval.

94.

The acts of Zuru as described above constitute unlawful importation of merchandise that copies and simulates a registered trademark, and which Zuru knew or should have known would induce the public to believe that the offending toy products were manufactured by Zuru in the United States.

95.

By reason of the foregoing, Zing is entitled to any damages proven to have been caused by reason of Zuru's acts of unlawful importation of goods bearing marks that infringe upon Zing's registered trademarks.  Zing is entitled to recover enhanced, treble damages based upon the willful, intentional, and/or grossly negligent activities of Zuru.  The exact amount of these claimed damages are unknown at this time, but will be proven at trial and amount to no less than $500,000.

## **COUNT VI**

### **(Common Law Trademark Infringement)**

96.

Zing re-alleges and incorporates Paragraphs 1 through 95 above, as though fully set forth herein.

Page 29 – AMENDED COMPLAINT

97.

On account of its long and continuous use of its registered trademarks on Zing Toy Products, and substantial advertising and sales of its Zing Toy Products, Zing established common law trademark rights in Zing's specifically-identified Toy Products.

98.

The acts by Zuru herein alleged constitutes infringement of Zing's common law rights in and use of the "ZING" logo and branding, thereby causing Zing to incur consequential damages and diluted to customer goodwill associated with and symbolized by the Zing Toy Products and, specifically, give rise to this action under the common law of trademarks.

99.

Zuru's acts of trademark infringement have caused and are causing great and irreparable harm to Zing, Zing's goodwill, Zing's rights to Zing Toy Products, in an amount which cannot be adequately determined at this time and, unless restrained, will cause further irreparable injury and damage, leaving Zing with no adequate remedy of law.

100.

On information and belief, Zuru's acts of infringement have been and are being committed after Zing sent Zuru notices and/or after Zuru had actual knowledge of Zing's prior rights in its subject Zing Toy Products. Zuru is in willful and gross disregard for Zing's rights.

101.

By reason of the foregoing, Zing is entitled to preliminary and permanent injunctive relief against Zuru, and anyone associated therewith, to restrain Zuru's further acts of infringement and, after trial, to recover any damages proven to have been caused by reason of Zuru's aforesaid acts of infringement, and to recover enhanced damages based upon the willful, intentional,

Page 30 – AMENDED COMPLAINT

and/or grossly negligent activities of Zuru.

## COUNT VII

### (Federal Unfair Competition & False Designation of Origin – 15 U.S.C. §1125(a))

102.

Zing re-alleges and incorporates Paragraphs 1 through 101 above, as though fully set forth herein.

103.

This is a claim for false designation of origin and unfair competition arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

104.

Zing invents, creates, licenses, manufactures, imports, advertises, and sells toy products throughout the United Sates including, but not limited to, Oregon.

105.

Prior to Zuru's conduct that forms the basis of this Complaint, and before Zuru's continuous, willful, and unlawful actions, consumers had become familiar with the "Zing" brand toys, but consumers are now confused and are associating Zuru's infringing products with toy products exclusively designed, distributed and/or sold by Zing.

106.

Through its promotional efforts, business conduct, and continuous use of Zing Toy Products, Zing developed and maintained customers throughout the United States, Europe, Canada, South America, and Asia.  Zing Toy Products and unique trade dress, packaging, and branding have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol for Zing, its high quality products, and its goodwill.

Page 31 – AMENDED COMPLAINT

107.

On account of its long and continuous use of unique trade dress, packaging and branding on Zing Toy Products, and substantial advertising and sales of its products, Zing established trademark rights in the following non-exhaustive list of products: ZING AIR, RoomBoom, Zoomarang, Copterang, Helirang, Popshotz Blaster, Zyclone, Zyphoon, Zooperball, Zeebeeze, Jumpz, HaiRazin' Hedz and Mega Jumpz, and Jumpz.

108.

Notwithstanding Zing's preexisting valid and protectable interest in Zing's unique trade dress, packaging, and branding, Zuru, without permission or approval, advertised and sold the "Wazooka" with Zing's trade marks, original logo artwork and branding and Zuru, unlawfully and without consent, approval or agreement from Zing, distributed the "Wazooka" into the market place in the United States including, but not limited to, in Oregon.

109.

As a result of Zuru's unauthorized use of Zing Toy Products, Zing's unique trade dress, packaging and branding in connection with identical and related products and services, Zuru improperly copied Zing's unique packaging and trade dress.

110.

Zuru is a direct competitor of Zing.  Zuru offered its products and services to customers and/or the relevant consumer base in the same geographical locations and through the same trade channels as Zing.

111.

Despite repeated demands, Zuru has failed and refused to discontinue use of Zing's specialized unique packaging, trade dress and branding on Zuru's products.

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

112.

Zuru's use of Zing's specialized unique packaging, trade dress and branding was and is not authorized by Zing and is likely to cause confusion and mistake, and to deceive consumers as to the source or origin of Zuru's products.

113.

Zing has a legitimate and discernable interest in its above-described specialized unique packaging and trade dress and branding and has been, and continues to be, injured by Zuru's unauthorized and unlawful use of Zing Toy Products and trade-dress and packaging.

114.

Zuru's unauthorized use of Zing's original artwork, trade marks and branding on toy products, including but not limited to the "Wazooka," and including references to Zing's products on Zuru's website, has caused, and is causing, confusion among potential purchasers and distributers of Zing's products.

115.

Zuru's above-described acts constitute an infringement of Zing's rights in and to the use of its product designs, packaging, trade dress and branding, with consequential damages to Zing and the business and goodwill associated with and symbolized by Zing Toy Products and, specifically, as those infringed rights give rise to this action under 15 U.S.C. §1125 *et seq*.

116.

Zuru's acts of unfair competition have caused and are causing great and irreparable harm to Zing, Zing's goodwill, Zing's rights to its specialized branding, trade dress and packaging, in an amount which cannot be adequately determined at this time and, unless restrained, will cause further irreparable injury and damage, leaving Zing with no adequate remedy at law.

Page 33 – AMENDED COMPLAINT

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

117.

On information and belief, Zuru's acts of infringement have been and are being committed after actual notices sent by Zing to Zuru and/or with Zuru's actual knowledge of Zing's prior rights in Zing's registered trade mark and claims of copyright on the "ZING AIR" stylized logo.

118.

By reason of the foregoing, Zing is entitled to preliminary and permanent injunctive relief against Zuru, and anyone associated therewith, to restrain further acts of unfair competition and, after trial, to recover any damages proven to have been caused by reason of Zuru's aforesaid acts of unfair competition, and to recover enhanced damages based upon the willful, intentional, and/or grossly negligent activities of Zuru.

## <u>COUNT VIII</u>

### (Unfair Competition – State Law Claim)

119.

Plaintiff re-alleges and incorporates Paragraphs 1 through 118 above, as though fully set forth herein.

120.

Zuru's above-alleged actions were designed not only to give Zuru the highest opportunity to maximize its market share by misappropriating Zing's registered trademark and committing cyberpiracy, but also Zuru continued to improperly list and refer on its website to the "ZING AIR" products in order to create the greatest likelihood of pushing Zing out of the United States toy market by usurping sales through some or all of the key wholesale and retail distributors with whom Zing and Zuru previously competed.

Page 34 – AMENDED COMPLAINT

121.

Zuru engaged in unfair competition in one or more of the following ways:

(a)     By engaging in unfair pricing to sell Zing Toy Products below cost to force Zing out of the market with distributors;

(b)     By using Zing original artwork and toy packaging on Zuru toy products; and

(c)     By using Zing's unique toy branding and packaging in such a way to confuse the public regarding the origin, design and sale of the Zing Toy Products.

122.

As a result of Zuru's above-described acts and omissions, Zing has suffered and will likely continue to suffer considerable damages, including the dilution of the Zing trademark, unique toy branding, packaging and original art work, in an amount to be proven at trial, but no less than $500,000.  In the event that Zuru is found to be continuing its acts of improperly misleading the public by listing "Zing" products on Zuru's website and in toy packages sold worldwide, Zing reserves its rights to seek additional damages.

123.

In addition to the above, Zing is entitled to injunctive relief in order to prevent the diminution of the "Zing" trade name as an advertising tool among consumers and distributors of Zing Toy Products.

////

////

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

## COUNT IX

### (Misuse of Trade Dress – ORS 646 *et. seq.* and ORS 647.107)

124.

Zing re-alleges and incorporates Paragraphs 1 through 123 above, as though fully set forth herein.

125.

At all times relevant to this action, Zing used uniquely-designed, original artwork and the "ZING AIR" logo to market the Zing toy products.  The Zing toy products carry with them a distinctive image and trade dress that was, and is, unique to Zing.

126.

Zing's original trade dress includes, but is not limited to, Pantone-colored toy products and lettering that prominently features Zing's original use of Green and Blue color combination with distinctive shape, color, graphics and combination of said elements.  These elements were exclusively designed by Zing and its creators to specifically distinguish the Zing toy products, and they therefore deserve protection against unauthorized use by Zuru or others.

127.

Pursuant to ORS 646 and ORS 647, Zing's above-described unique trade dress is a protectable interest that belongs exclusively to Zing as the beneficial and/or exclusive owner.

128.

Without the consent, approval or agreement from Zing, Zuru caused confusion in the marketplace by misappropriating and/or otherwise using or copying Zing's unique trade dress, including, but not limited to, Zing's unique combination of shape, color and graphics to market

Page 36 – AMENDED COMPLAINT

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

its toy products.  Zuru has caused confusion in the marketplace by copying, in similar appearance, color, and size, the "ZING" toy brand packaging.  By doing so, Zuru engaged in an unlawful practice by employing, in bad faith, unconscionable sales tactics to sell and/or distribute toy products in a manner that Zuru knew or should have known was harmful to Zing.

129.

Zing incurred damages by reason of Zuru's misuse of Zing's trade dress and unlawful trade practices, which Zuru improperly employed to deceitfully market, sell and/or distribute Zuru's competing toy products.  Zing has suffered damages, for which Zuru, pursuant to ORS 646 *et. seq.* and ORS 647 *et. seq.*, is liable to pay in an amount to be proven at trial, but not less than $500,000.

## COUNT X

### (Unjust Enrichment)

130.

Zing re-alleges and incorporates Paragraphs 1 through 129 above, as though fully set forth herein.

131.

By knowingly and wrongfully manufacturing, distributing, marketing, and/or selling Zing Toy Products with an improper motive of forcing Zing out of the toy industry business for one or more toy products without paying the agreed-upon royalties to Zing, Zuru knowingly and improperly usurped business opportunities that personally belong to Zing.

132.

Zuru likewise hindered Zing's economic business opportunities to exclusively market, sell and distribute Zing Toy Products worldwide.  Zuru weakened Zing's brand name and Zing's

Page 37 – AMENDED COMPLAINT

ability to market its toy products.  Zuru wrongfully precluded Zing from otherwise distributing

the Zing Toy Products (including the "Wazooka") to sellers and distributors.  By doing so, Zuru

absorbed that business profit and unjustly received the benefit that Zing conferred upon Zuru.

133.

Zuru charged Zing for the purchase and sale of the Molds and Zyclone Tooling, but

refused to relinquish control of or to return, the Molds and tooling.  Instead, Zuru improperly and

unlawfully used, and continues to use, the Molds and tooling and Zuru thereby unjustly received,

and continues to receive, the benefit that Zing conferred upon Zuru.

134.

To prevent Zuru's unfair retention of the above-described benefit, which would otherwise

unjustly enrich Zuru because of its improper motives, Zing is entitled to be reimbursed in an

amount of damages to be proven at trial, but not less than $500,000.

## COUNT XI

### (Violation of Oregon Trade Secrets Act – ORS 646.461, *et. seq.*)

135.

Zing re-alleges and incorporates Paragraphs 1 through 134 above, as though fully set

forth herein.

136.

Zing's original "ZING AIR" artwork is an exclusive and proprietary trade secret, as that

term is defined by ORS 646.461, *et. seq.*  Within the scope of its nonexclusive distribution

agreement, Zing disclosed to Zuru its original art work and packaging for "ZING AIR."  Zing's

original art work and packaging for "ZING AIR" derived independent economic value based on

the creative originality used only by Zing.  Zing exclusively designed and originated its art work

Page 38 – AMENDED COMPLAINT

and packaging for its toy products with the intent to maintain Zing's exclusive use of same.

### 137.

Without the consent, approval or authorization of Zing, Zuru misappropriated the "ZING AIR" original art work and toy product packaging by referring to the "ZING AIR" product and listing the like products on Zuru's website and/or in printed media, and by using like packaging for Zuru to sell other toy products that resemble very closely the Zing Toy Products. Zuru did so in breach of the parties' non-exclusive distribution agreement, and in direct violation of ORS 646, which constitutes an unlawful trade practices violation under Oregon laws.

### 138.

Zuru knew or should have known of Zing's exclusive rights in the trade secrets, which Zuru improperly used to Zing's detriment. Zuru knew or should have known that Zing derived, and took reasonable precautions to continue to derive, independent economic value from Zing's exclusive use of its original "ZING AIR" artwork and packaging. Zing has undertaken reasonable efforts to maintain the unique quality and originality thereof.

### 139.

As a result of Zuru's above-described acts and omissions, Zing suffered considerable damages in an amount to be proven at trial, but no less than $500,000. In the event that Zuru is found to be continuing its acts of misappropriating Zing's trade secrets by acquiring them through improper means and continuing to use them, Zing reserve its rights to seek additional damages and injunctive relief.

### 140.

Zuru should be enjoined from using in any way Zing's trade secrets in any manner, and Zuru should be directed to return to Zing any and all information in all forms that contain or

Page 39 – AMENDED COMPLAINT

reflect the trade secrets that belong to Zing.  Zuru should be further prohibited from further

listing on its website, or referring in any way in any printed media, any Zing Toy Products or

original artwork.

141.

Zing is entitled to its reasonable attorney fees under ORS 646.467 in that Zuru

misappropriated and continued use of Zing's trade secrets is willful and malicious.

<strong><u>COUNT XII</u></strong>

<strong>(Breach of Contract)</strong>

142.

Zing re-alleges and incorporates Paragraphs 1 through 141 above, as though fully set

forth herein.

143.

Zuru breached the Limited Distribution Agreement in one or more of the following ways:

(a)    By failure to timely pay Zing the royalties due when owing;

(b)    By failure to pay the correct amount of royalties due;

(c)    By intercepting Zing's access to the Molds in order to fill Zuru's own

orders for toy products that compete with Zing;

(d)    By failure to provide Zing with accurate and timely quarterly reports to

account for the quantity and costs of Zing's product manufactured, distributed and/or sold by

Zuru;

(e)    By failure to remove improper references to "ZING AIR" and other Zing

Toy Products from Zuru's distributors' websites, when demanded by Zing; and

(e)    By failure to promptly return the Molds when demanded by Zing.

Page 40 – AMENDED COMPLAINT

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

144.

Zuru's above-alleged conduct caused Zing to suffer irreparable harm that can only be remedied and mitigated by immediate injunctive relief that prohibits Zuru from listing on its website or any printed media any and all references to "Zing," and to prevent Zuru from otherwise using Zing's original artwork in any way, and from continuing to transact business in any way involving Zing Toy Products. In addition, Zing is entitled to recover its damages based on lost profit, damage to goodwill, and other out-of-pocket expenses and damages as the court may deem proper.

## <u>COUNT XIII</u>

### (Conversion)

145.

Zing re-alleges and incorporates Paragraphs 1 through 144 above, as though fully set forth herein.

146.

Without the authority or consent from Zing, and under protest by Zing, on or about June 17, 2010, Zuru and Anna Mowbray wrongfully and in bad faith exerted dominion and control over the Molds and Zyclone Tooling, for which Zing paid full consideration, and which exclusively belong to Zing. By doing so, Zuru and Anna Mowbray denied Zing its exclusive right and entitlement to possess and use the Molds in order to promptly manufacture Zing Toy Products including, but not limited to, time-sensitive purchase orders placed to Zing for its "Helirang," "RoomBoom," and "Zoomarang" toy products.

147.

Zing demanded, but Zuru and Anna Mowbray refused, to return the Molds and Zyclone

Page 41 – AMENDED COMPLAINT

Tooling.  By doing so, Zuru and Anna Mowbray intentionally and in bad faith exercised dominion and control over the Molds and Zyclone Tooling in a manner and for a duration of time that has seriously, substantially and irreparably interfered with the right of Zing to control and use its own Molds and Zyclone Tooling.  Zuru and Anna Mowbray did so with bad and malicious motives, in retaliation for a factory backlog caused outside of Zing's control by a workers strike at the Changhui factory.  Zing, not Zuru, suffered lost production time as a consequence of Zuru's and Anna Mowbray's improper and unauthorized exercise of control over Zing's Molds and Zyclone Tooling.

148.

As a direct and proximate result of Zuru's and Anna Mowbray's conversion of the Molds and Zyclone Tooling, Zing was forced to order new molds from an alternative source, and Zing did so based on unavoidable expedited rates.  Were it not for Zing's prompt and prudent efforts to mitigate damages and secure substitute molds for production and distribution of its "Helirang," "Roomboom," and "Zoomarang" toy products on back-order, Zing would most certainly have forever lost the opportunity to sell its "Helirang," "Roomboom," and "Zoomarang" toy products that were previously ordered from several buyers and distributors.

149.

Because of Zuru's and Anna Mowbray's conversion of Zing's Molds, Zing had inadequate stock of its toy products and Zing was forced to delay shipments to its retail distributors.  Based on Zuru's and Anna Mowbray's conversion of Zing's Molds, Zing suffered, and continues to suffer, lost opportunities to sell its toy products, lost profits, and permanent and irreparable damage to its goodwill and reputation as a reliable supplier of toy products.

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

150.

As a direct and proximate result of Zuru's and Anna Mowbray's wrongful, deliberate, bad faith conversion of the Molds and Zyclone Tooling for Zuru's and Anna Mowbray's own personal use, Zing has been damaged in an unknown amount which will be proven at trial, but which is not less than $1,000,000.

## COUNT XIV

**(Defamation *Per Se*: Against Defendants Zuru, Inc., Zuru, LLC, Anna Mowbray, Nick Mowbray and Matt Mowbray)**

151.

Zing re-alleges and incorporates Paragraphs 1 through 150 above, as though fully set forth herein.

152.

On or about September 24, 2010, and continuing through at least October 31, 2010, defendants Zuru, Inc., Zuru, LLC, Anna Mowbray, Nick Mowbray and Matt Mowbray, acting in concert, conspired to and did intentionally defame Zing by publishing in the form of a series of cease and desist letters (the "C&D Letters") false and misleading statements of material facts regarding the authenticity of Zing's original, patented product designs, and the consumer safety of Zing's toy products.   Defendants caused the C&D Letters to be sent to and received by Zing's business affiliates, including but not limited to Target Corporation, Meijer, Inc., and Academy Sports & Outdoors, all of whom are among the United States' largest retailers of toy and/or outdoor products.

153.

Defendants' defamatory statements regarding Zing have unfairly subjected Zing to

155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

"hatred, contempt, or ridicule," and the statements have diminished the esteem, respect, goodwill, and confidence which was previously held by a substantial and respectable majority of the toy industry community for Zing and its products.  The defamatory nature of the C&D Letters are particularly damaging because of the repetitive nature and timing that defendants placed the C&D Letters into the stream of commerce.

154.

The C&D Letters were intended to and did diminish and forever harm Zing's reputation in the toy industry, particularly with its retailers, vendors, competitors and employees.   The defamatory statements included the following:

A.    Zuru has multiple legal claims against Zing Toys, Inc….arising out of the breach of its joint venture and distribution agreements with Zuru, Inc.

B.    Zing has violated Zuru, Inc.'s intellectual property rights under federal law due to Zing's manufacture and sale of counterfeit joint venture products.

C.    Zing committed unauthorized and intentional acts [that violated] Zuru's stringent quality control systems, [and] resulted in potentially inferior products entering the US market.

D.    Zing is currently attempting to pass off tens of thousands of these counterfeit units, without any legal authority to do so and in direct violation of a joint venture agreement with Zuru, Inc….Counterfeit items are being produced in violation of the Consumer Safety Improvement Product Act (15 U.S.C 2051) because Zing is now utilizing highly different materials and manufacturing methods and standards in producing these counterfeit items, that could result in failure to meet the ASTM's physical, mechanical, flammability, lead content and labeling standards,

Page 44 – AMENDED COMPLAINT

as well as the Consumer Safety Product Improvement Act's ("CSPIA") pthalate

level standards.

E.      Zing violated ASTM and CSPLA testing and certifications.

### 155.

Defendants' defamatory statements regarding Zing are actionable as Libel/Slander per se

because the subject C&D Letters falsely accuse Zing of committing a crime involving "moral

turpitude."   Specifically, on or about September 24, 2010, and on several dates thereafter to

other third-persons, defendants falsely accused Zing of selling illegal counterfeit products that

"put the American consumer, especially children, at risk."

### 156.

Based on the substance of the statements contained in the C&D Letters, on the face of the

written publications, defendants imputed to Zing unfitness to sell toy products to children, and

defendants (particularly Zuru, Inc.) overtly accused Zing of a lack of integrity and honesty in the

discharge of its duties and responsibilities as a children's toy product inventor and distributor.

### 157.

By their express and written statements, defendants cast aspersions on Zing's ability to

perform the essential functions of manufacturing, testing and making safe childrens toy products

sold in the United States and world-wide.   Defendants also accused Zing of lacking the

necessary safety testing characteristics needed to market and sell children toy products.

### 158.

Defendants' statements prejudiced Zing in its business, trade and profession.

### 159.

Zing suffered damages to its reputation in the following ways:

Page 45 – AMENDED COMPLAINT

A.     Potential clients of Zing have visited the website of Zuru and seen the falsely misleading inclusion of Zing's toy products (such as the MegaJumpz) listed there.

B.     Zing was forced to unnecessarily absorb the costs associated with unexpected and atypical product testing to refute defendants' untruthful and misleading statements regarding the "counterfeit" nature of Zing's products, and regarding the false statement that Zing's toy products do not comply with the Consumer Protection Safety Act and its regulations (*e.*g.  15 U.S.C. 2057c and 15 U.S.C. 2068(a)).

C.     Zing was forced to divert significant time, money and resources to investigate and negate the statements contained in the C&D Letters, and to prosecute this claim.

D.     All damages continue to accrue in an amount to be proven at trial but estimated to be $5 million.

## PRAYER

WHEREFORE, Zing prays for the following relief:

A.     A preliminary and permanent injunction enjoining and preventing defendants Zuru, LLC, Zuru, Inc., Zuru Limited (Hong Kong), and Zuru Limited (New Zealand), and their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns, and all those in concert or participation with any of them from:

(1)     imitating, copying, using, reproducing, registering, attempting to register and/or display any toy packaging or branding which colorably imitates or is confusingly similar to Zing Toy Products;

(2)     using any false description or representation or any other thing calculated or likely to cause confusion, deception, or mistake in the marketplace with regard to Zing Toy Products; and

Page 46 – AMENDED COMPLAINT

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

(3)        importing  to the United States, or selling, manufacturing, or offering to

sell any Zuru products which colorably imitate or are confusingly similar to *any* Zing Toy

Products, including the "ZING AIR" line of toy products and the Zyclone;

B.        An award of damages, in an amount not less than $1,000,000 to compensate for

the infringement by the Zuru entity defendants and the Mowbray defendants of Zing's

Trademark and patent protected toy products, in an amount to be proven at trial, including Zing's

actual damages and Zuru's profits attributable to the infringement, and for conversion, unjust

enrichment, unfair competition, breach of contract, and defamation;

C.        An order directing defendants to deliver up for destruction all materials and

matter in its possession or custody or under its control that infringes Zing's trade dress and

branding, including, without limitation, all advertising and promotional materials;

D.        An order awarding Zing its attorney's fees, treble actual damages, and treble

damages based upon an accounting of defendants' profits, including all statutory enhancements,

other enhancements, and attorney's fees on the account of the willful nature of defendants' acts

as provided for in 15 U.S.C. §1117, 35 U.S.C. §271, and ORS 646, *et seq*;

E.        An award of treble damages pursuant to 35 U.S.C. §284 and a finding that this is

an exceptional case and awarding attorney's fees pursuant to 35 U.S.C. §285;

F.        An Order for a full and complete accounting by defendants to reconcile *all* Zing

Toy Products sold, manufactured and/or distributed by defendants;

G.        An Order compelling defendants to immediately release control and deliver to

Zing, at defendants' own expense, the toy Molds and Zyclone Tooling for which Zing previously

paid good consideration and value, including, but not limited to the molds that are still in

defendants possession for manufacturing of the ZING AIR toy products, and specifically the

Page 47 – AMENDED COMPLAINT

"Helirang," "Zoomarang," "RoomBoom," as well as the "Zartz paddle," and the "Zyclone" foam

parts, molds and Zing-owned machines used by Zuru to manufacture the "Zyclone" parts; and

      H.      Such other relief, in law or in equity, to which Zing may be entitled, or which this

Court deems just and proper.

      DATED this 12th day of November, 2010.

                      Respectfully submitted,

                      CARR BUTTERFIELD, LLC

                      /s/ Lisanne M. Butterfield
                      Lisanne M. Butterfield
                      OSB No.  91368
                      lbutterfield@carrbutterfield.com
                      CARR BUTTERFIELD, LLC
                      155 B. Avenue, Suite 240
                      Lake Oswego, OR 97034
                      Telephone: 503-635-5244
                      Facsimile: 503-635-2955
                      Trial Attorney: Lisanne M.  Butterfield
                      Attorneys for Zing Toys, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all other counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

DATED this 12th day of November, 2010.

CARR BUTTERFIELD, LLC


/s/ Lisanne Butterfield
Lisanne M. Butterfield, OSB No.  91368
lbutterfield@carrbutterfield.com
CARR BUTTERFIELD, LLC
155 B. Avenue, Suite 240
Lake Oswego, OR 97034
T: 503-635-5244  F:503-635-2955
Trial Attorney: Lisanne M.  Butterfield
Attorneys for Zing Toys, Inc.

Page 49 – AMENDED COMPLAINT