**Lisanne M. Butterfield**
OSB No. 91368
lbutterfield@carrbutterfield.com
**CARR BUTTERFIELD, LLC**
155 B. Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: 503-635-5244
Facsimile: 503-635-2955
Attorneys for Zing Toys, Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **ZING TOYS, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**ZURU, LLC**, an Oregon limited liability company, **ZURU LIMITED** (Hong Kong), **ZURU LIMITED** (New Zealand), **ZURU, INC.**, **ANNA JANE MOWBRAY,** an individual; **MATHEW PETER MOWBRAY,** an individual; and **NICHOLAS JAMES MOWBRAY,** an individual; and **JOHN DOES 1 – 10**,<br><br>Defendants. | Case No. CV10-863-MO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU LIMITED'S (New Zealand) MOTION TO DISMISS**<br><br>Oral Argument Requested |

Page 1 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................................3

I.   INTRODUCTION ...............................................................................................5

II.  MEMORANDUM OF POINTS AND AUTHORITIES ...............................................5

    A.    The Parties ...................................................................................................5

    B.    Procedural Posture of This Case ...................................................................7

    C.    Standards for Decisions Regarding Personal Jurisdiction ..............................10

        1. Oregon's Long-Arm Statute (ORCP 4) ......................................................13

        2. Constitutional Due Process (defined) .........................................................13

    D.    Defendant Zuru Limited (New Zealand)'s Minimum Contacts With Oregon 15

III. CONCLUSION................................................................................................19

Page 2 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

# TABLE OF AUTHORITIES

## CASES

*Asahi Metal Industry Co. v. Superior Ct.,* 480 U.S. 102 (1987) ................................................... 14
*Cable/Home Communication Corp. v. Network Prods., Inc.,* 902 F.2d 829, 855 (11th Cir. 1990)
............................................................................................................................................... 16
*Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1296-1297 (7th Cir. 1993) ............................... 10
*Genetic Implant Systems, Inc., v. CoreVent Corp.*, 123 F.3d 1455,1460 (Fed. Cir. 1997) ........... 13
*Graphic Controls Corp. v. Utah Med. Prods., Inc.,* 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998) .. 16
*Hargrave v.Fibreboard Corp.,* 710 F.2d 1154, 1159-60 (5th Cir. Tex. 1983) ............................. 12
*Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club, Ltd. Partnership,* 34 F.3d 410,
    412 (7th Cir. 1994) ................................................................................................................ 13
*International Shoe Co. v. Washington,* 326 U.S. 310, (1945) ..................................................... 15
*Lafayette Ins. Co. v. French,* 59 U.S. (18 How.) 404, 407 (1855) ............................................... 14
*LINC Fin. Corp. v. Onwuteaka,* 129 F.3d 917, 921-922 (7th Cir. 1997) ..................................... 10
*Lipofsky v. New York State Workers Comp. Bd.,* 861 F.2d 1257, 1258 (11th Cir. 1988) ............. 10
*Mass. Sch. of Law v. ABA,* 142 F.3d 26, 34 (1st Cir. 1998) ......................................................... 11
*Microsoft Corp v. Computer Service & Repair,* Inc., 312 F. Supp. 2d 779, 786 (E.D.N.C. 2004)
............................................................................................................................................... 13
*Millennium Enters., Inc. v. Millennium Music, LP,* 33 F. Supp2d 907, 909 (D. Or. 1999) .......... 14
*National Equipment Rental, Ltd. v. Szukhent,* 375 US 311 (1964) .............................................. 12
*Nycal Corp. v. Inoco PLC,* 949 F. Supp. 1115, 1119-1120 (S.D.N.Y. 1997) ............................... 10
*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565 (Fed. Cir. 1986) ...................... 13
*Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313, 1317 (11th Cir. 1990) ......................................... 10
*Portugues Santa v. Venable LLP,* 497 F.Supp.2d 295, 296 (D. Puerto Rico 2007) ..................... 11
*Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 n.3 (9th Cir. 1993) ................................................. 16
*Smith v. Hobby Lobby Stores*, 968 F Supp. 1356 (W.D. Ark. 1997) ............................................ 17
*State ex rel. Jones v. Crookham,* 296 Or 735, 740, 681 P2d 103 (1984) ..................................... 14
*Symantec Corp., v. CD Micro, Inc.*, 286 F. Supp. 2d 1265, 1275 (D. Or. 2003) .......................... 13
*Thoenes v. Tatro*, 270 Or. 783 (1974) ............................................................................................ 9
*Thrifty Supply Co. of Seattle, Inc. v. Slakey Bros., Inc.,* 2004 U.S. Dist. LEXIS 15242, 6-8 (D.
    Or. July 26, 2004) ................................................................................................................. 10
*Uffner v. La Reunion Francaise, S.A.,* 244 F.3d 38, 40-41 (1st Cir. 2001) ................................. 10
*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 241 (5th Cir. 2008) ... 16

## OTHER AUTHORITIES

2-12 *Moore's Federal Practice – Civil,* §12.30[1] ........................................................................ 10
2-12 *Moore's Federal Practice – Civil,* § 12.31 ........................................................................... 11

## RULES

Fed. R. Civ. P.  4(e), (f), & (h) ......................................................................................................... 9
Fed. R. Civ. P. 12(g), (h)(1) ........................................................................................................... 10
Fed. R. Civ. P. 12(h)(1) ............................................................................................................ 10, 11
Fed. R. Civ. P. 30(b)(6) .................................................................................................................. 20
FRCP 4(k)(1)(A) ............................................................................................................................ 14

Page 3 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

LR 7-1(e)(3) .................................................................................................................. 11
ORCP 4 L ...................................................................................................................... 14

Page 4 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

# I. INTRODUCTION

Plaintiff Zing Toys, Inc. ("Zing") submits this memorandum in opposition to Zuru Limited (New Zealand)'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) ("the *Motion*"). In support of this opposition, Zing relies on all the records and pleadings on file in this case, the below points and authorities, the **Declaration of Lisanne M. Butterfield in Opposition to Zuru Limited (New Zealand)'s Motion to Dismiss ("Butterfield Dec.")** filed concurrently herewith, and oral argument as may be presented in opposition to the *Motion*.

# II. MEMORANDUM OF POINTS & AUTHORITIES

## A. The Parties.

### 1. Zing Toys, Inc.

Zing is a small, locally-owned, company based in Banks, Oregon. Zing designs and licenses original, uniquely-designed toy products, primarily in the United States. Zing employs less than eight (8) employees, all of whom are based in Oregon and Washington. *See* **Affidavit of Steve Walterscheid in Opposition to Defendants' Nicholas Mowbray, Zuru, Ltd. [Hong Kong] and Zuru, Inc.'s Motions to Dismiss ("Walterscheid Aff**."), **at ¶¶ 3 and 5**.

### 2. TEAM ZURU

For the past 3+ years, Zing conducted business with an entity that represented itself as "TEAM Zuru," which, according to its marketing literature, has marketing and distribution affiliates worldwide, including, but not limited to, New Zealand, Hong Kong, mainland China, and the United States. **Butterfield Dec., at ¶ 3.** At various times relevant to this action, defendants negotiated distribution rights with Zing and defendants did so on behalf of TEAM Zuru. **Butterfield Dec., at ¶ 4.** Defendants also regularly communicated with Zing through Zuru Limited (New Zealand) and its alter-ego subsidiaries, corporate affiliates, and agents.

Page 5 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

**Butterfield Dec., at ¶ 5.** Defendant Mathew Mowbray (aka "Matthew Mowbray") is the founder, present owner, and CEO of Zuru Limited (New Zealand) (aka "ZURU LIMITED") (fka "GURU TOYS LIMITED"), which is "a New Zealand based, fully-integrated company" that markets and distributes toys and sporting products worldwide. *See* Exhibit A (Declaration of Mathew Mowbray, at ¶¶ 1, 4, 5, filed in *Playhard, Inc. et al. v. Guru Toys, Ltd., et. al.,* U.S. District Court (District of Colorado-Denver), Case No. 1:06-cv-10681); and *see also* Exhibit B (New Zealand Registrar of Companies Certificate of Incorporation referencing May 8, 2008 name change from Guru Toys, Ltd to Zuru Limited, dated June 19, 2010).

In support of the subject *Motion*, Mr. Mowbray testified in his declaration that Zuru Limited (New Zealand) "has no office in New Zealand" and for many years has not transacted any business in the U.S. **Declaration of Matthew Mowbray in Support of Zuru Ltd's (New Zealand) Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) at ¶ 5.** These statements, however, directly contradict the sworn testimony of Zing's representative, Steve Walterscheid; Mr. Mowbray's recently filed affidavit; and factual allegations contained within a formal pleading that Mr. Mowbray filed in a prior (unrelated) federal court action. Most notably, Mr. Mowbray previously admitted that:

- [As of 2007] Zuru Limited (New Zealand) "is a New Zealand registered company, [with a] registered office [located at] 94 Ferguson Gully Road, R. D. 2, Cambridge, New Zealand, with an office at 452 Tauwhare Road, R.D.4 Matangi, New Zealand."

*See* Exhibit C (*Answer and Counterclaim,* ¶ 4 (filed by defendant Mathew Mowbray) in *Playhard, Inc., supra.* Continuing through at least 2007, Mathew Mowbray conducted business in Colorado as Director of Zuru Limited (New Zealand),which regularly sold and distributed toy

Page 6 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

products in the United States. *See id.*

Zuru Limited (New Zealand) also regularly visits U.S.-based retailers and promotes itself as an entity that "invest[s] substantially in marketing its products throughout the world, including preparation for television commercials, web sites, the pursuit of cross-promotional events with other businesses, and expensive showrooms" worldwide, including throughout the United States and in Hong Kong. *See* Exhibit J (*Defendant's Response to Plaintiff's Application for Temporary Restraining Order at 5,* ¶ 8, filed in *Playhard, Inc., supra*.) For the past several years dating back to 2006, Zuru Limited (New Zealand) invested extensively to grow its market share "on a global scale, [with] time invested by its global distributors, in pursuing a seemingly undervalued mass market. " *Id.,* ¶ 9.

Based on the above, disputed issues of material fact exist regarding Zuru Limited (New Zealand)'s argument that it "has never contracted with plaintiff [Zing] or engaged in any business activity with plaintiff." *Memorandum in Support of Zuru, Ltd (New Zealand)'s Motion to Dismiss,* at 2.[1] Disputed issues also exist regarding Zuru Limited (New Zealand)'s affiliation with Zuru, LLC, the local Oregon entity that answered the Amended Complaint in this action.

**B.    Procedural Posture of This Case.**

Zing filed this action on July 23, 2010, and filed its *Amended Complaint* on November 12, 2010. Since the commencement of this action, defendants collectively filed four (4) motions

---

[1] The weight and credibility of Zuru Limited (New Zealand)'s factual allegations should be questioned to the extent they are not supported by sworn testimony. The above-referenced allegation, for example, cites to no affidavit or declaration. This unsupported statements prejudice Zing, not only because they contradict Mr. Mowbray's other sworn testimony, but also because Zing has no way of knowing the source of the statements in the *Motion*, or who the affiant is and how to cross-examine him/her. Zing should not be required to rely upon defendant's unsworn statements that challenge personal jurisdiction. Instead, as the moving party, Zing should be entitled to cross-examine the affiant and secure discovery to carry its burden of proof to establish personal jurisdiction for each of the defendants named in this action. Moreover, despite Zing's repeated requests for discovery on the limited issue of personal jurisdiction, defendants, including Zuru Limited (New Zealand), have refused to comply. **Butterfield Dec., at ¶ 6,** and Exhibit D (Letter dated December 17, 2010, from Lisanne Butterfield to Phil Griffin) and Exhibit E (Letter dated December 10, 2010, from Phil Griffin to Lisanne Butterfield, which states that defendants will not comply with discovery while motions to dismiss are pending.)

Page 7 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

that seek dismissal of Zing's claims based on the lack of personal jurisdiction and/or insufficient service. Only one (1) defendant entity, Zuru, LLC (an Oregon corporation), entered an appearance by filing a general denial in the form of an answer. Currently pending before the Court are defendants' various motions to dismiss, motions to strike, and motions for protective order to prevent Zing from pursuing deposition discovery in Oregon while defendants' motions to dismiss remain unresolved.

Despite Zing's good faith efforts to seek waivers of service and serve defendants according to Fed. R. Civ. P. 4(e), (f), & (h), defendants continue to evade service and refuse to cooperate on discovery limited to jurisdictional issues. **Butterfield Dec., at ¶ 7.** In the meantime, Zing repeatedly requested that defendants provide discovery in order to comply with this court's pretrial deadlines. Zing's efforts include multiple requests via *informal* letters and phone calls exchanged with defense counsel, Philip Griffin, and *formal* Requests for Production, Interrogatories and Deposition Notices served on defendants' counsel of record (Philip Griffin). **Declaration of Lisanne M. Butterfield in Support of Plaintiff's Opposition to Defendants Zuru, LLC, Zuru LIMITED (Hong Kong) and Nicholas Mowbray's Motion for Protective Order, at ¶ 18.**

Defendants Zuru Limited (Hong Kong) and Nicholas Mowbray waived their rights to challenge personal jurisdiction by filing their motions for protective order on December 3, 2010, and these defendants attempted to cure their waiver of personal jurisdiction by filing a December 28, 2010, document stylized as "*Notice of Withdrawal of Motion for Protective Order for Nicholas Mowbray and Zuru, Ltd. (Hong Kong).*"

For reasons explained below, defendants have not effectively cured the waiver. Pursuant to *Thoenes v. Tatro*, 270 Or. 783 (1974), "the jurisdiction of the court should not … attach for

Page 8 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

any purpose until the defendant has in some way used the machinery of the court to serve his ends." *See also Thrifty Supply Co. of Seattle, Inc. v. Slakey Bros., Inc.,* 2004 U.S. Dist. LEXIS 15242, 6-8 (D. Or. July 26, 2004) (when a defendant uses "the machinery of the court to serve his ends, he is deemed to have made a general appearance . . . and waived service of summons by his appearance.") Personal jurisdiction, once waived, can not be challenged again. *See* Fed. R. Civ. P. 12(g), (h)(1); *see also* 2-12 *Moore's Federal Practice – Civil,* §12.30[1]. Even an inadvertent waiver can not be cured by court intervention. *See, e.g., Uffner v. La Reunion Francaise, S.A.,* 244 F.3d 38, 40-41 (1st Cir. 2001) (district court erred when it raised issue of personal jurisdiction *sua sponte* after defendants had waived issue by failing to raise it in first Fed. R. Civ. P. 12 motion) and *LINC Fin. Corp. v. Onwuteaka,* 129 F.3d 917, 921-922 (7th Cir. 1997) (defendant waived personal jurisdiction argument by failing to raise it in answer, admitting in second amended answer he conducted significant business in forum, and then vigorously defending suit on merits).

Lack of personal jurisdiction and improper venue, unlike lack of subject matter jurisdiction which requires dismissal on the court's own motion if not raised by the parties, are waiveable defects. *Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313, 1317 (11th Cir. 1990); *see also Lipofsky v. New York State Workers Comp. Bd.,* 861 F.2d 1257, 1258 (11th Cir. 1988). It is improper for a district court to permit a defendant to amend or withdraw a motion in order to accommodate change in defendant's strategy. *See, e.g., Nycal Corp. v. Inoco PLC,* 949 F. Supp. 1115, 1119-1120 (S.D.N.Y. 1997) and *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1296-1297 (7th Cir. 1993) (although defendant complied technically with Fed. R. Civ. P. 12(h)(1), he actively proceeded with defense, waiving his right to object to personal jurisdiction).

Page 9 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

CARR BUTTERFIELD, LLC
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

Based on the above, Zing objects to defendants' *Notice of Withdrawal* as ineffective, and in violation of LR 7-1(e)(3), and Zing intends to move to strike that *Notice of Withdrawal*. Additionally, defendants' other motions to dismiss should be summarily denied. *See* 2-12 *Moore's Federal Practice – Civil,* § 12.31 (defenses referred to in Fed. R. Civ. P. 12(h)(1), including lack of personal jurisdiction, may be waived by formal submission in a cause, or by submission through conduct.)

Notwithstanding defendants' pending motions to dismiss and motions for protective order, the current discovery cut off date is March 8, 2011, and dispositive motions are due by April 22, 2011. The procedural posture of this case therefore dictates that defendants be ordered to immediately comply with Zing's pending discovery requests.

**C.    Standards for Decisions Regarding Personal Jurisdiction.**

The subject *Motion* argues that Zuru Limited (New Zealand) has a "complete lack of contacts with the United States [and] with Plaintiff," and therefore the court should dismiss Zing's claims against that defendant. *Memorandum in Support of Zuru, Ltd (New Zealand)'s Motion to Dismiss,* at 3. This court has personal jurisdiction over Zuru Limited (New Zealand) if Zing can meet its initial burden of showing that Zuru Limited (New Zealand) has sufficient contacts with Oregon to satisfy the requirements of Oregon's Long-Arm Statute (ORCP 4) or federal laws (*e.g.,* specific federal laws that provide for nationwide or worldwide service of process), and the United States Constitution. *See Portugues Santa v. Venable LLP,* 497 F.Supp.2d 295, 296 (D. Puerto Rico 2007) (*citing Mass. Sch. of Law v. ABA,* 142 F.3d 26, 34 (1st Cir. 1998)). The fundamental question to be decided is whether or not the courts in this state

Page 10 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

could exercise personal jurisdiction without offending the due process rights of Zuru Limited (New Zealand).[2]

The test for "minimum contacts" can be met in a variety of ways. A defendant, for example, may consent to personal jurisdiction or appoint an agent for receipt of service in a particular forum, even if personal jurisdiction or service would not otherwise be proper. A corporate entity may "consent" to personal jurisdiction by entering a contract that includes a forum-selection clause (*see, e.g., National Equipment Rental, Ltd. v. Szukhent,* 375 US 311 (1964)), or by conducting business in the forum state through the corporate entity's alter ego or local subsidiary that serves as an involuntary agent for service (*see Hargrave v.Fibreboard Corp.,* 710 F.2d 1154, 1159-60 (5th Cir. Tex. 1983) (upon evidence that the two corporate entities are *not* independently operated, the legal distinctness of the legal entities should not be preserved). Where the local subsidiary is the agent or alter ego of the foreign entity parent and the acts of the former give rise to piercing of the corporate veil, the foreign parent entity may be required to answer in the forum state for the wrongs of its local subsidiary affiliate. *See id.*

In at least one unrelated trademark and patent infringement case, the United States District Court of Colorado previously denied personal jurisdictional challenges by the Zuru entities and their corporate representatives. In *Playhard, Inc., supra*, the court required the foreign (New Zealand) entity to answer in the U.S. for the wrongs it caused here. Specifically, the Court in *Playhard, Inc., supra,* ruled that (the New Zealand) corporate agents' acts (which

---

[2] The subject *Motion* is unfairly predicated upon unresolved factual issues that Zing has not had an opportunity to explore through discovery. Specifically, the *Motion* prematurely concludes that Zuru Limited (New Zealand) has "**no contacts**" with the United States, yet this fact has not been definitively established or litigated in this case, nor have defendants agreed to permit limited discovery on same. *See Motion*, at 2 (which states: "I**s Zuru, Ltd., a New Zealand company with <u>no contacts</u> with the United States, subject to personal jurisdiction in this matter?**") (emphasis added).

Page 11 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

caused intellectual property/patent-infringement injuries to a local corporation) implicated the foreign Zuru defendants, and therefore subjected the foreign Mowbray and Zuru defendants to personal jurisdiction in the United States District Court. See Exhibit F (*Order Denying Mathew Mowbray's Motion to Dismiss,* at 3, filed in *Playhard, Inc., supra*.)

The *Playard, Inc.* Court reasoned as follows:

> The liability of corporate officers for patent infringement has been recognized to the extent they personally took part in the commission of the patent infringement, without the necessity of a finding of *alter ego* activity. [Citations omitted].. As stated in *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565 (Fed. Cir. 1986), "it is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer." Or, as stated in *Genetic Implant Systems, Inc., v. CoreVent Corp.*, 123 F.3d 1455,1460 (Fed. Cir. 1997), a case on which Defendant Mowbray relies, "a court may disregard the corporate form under Washington law only if the principal personally participates in alleged wrongful conduct or approves the conduct."
>
> * * * *
>
> Similarly, a corporate officer personally involved in trademark infringement may be held personally liable, particularly where he has "the right and ability to supervise the company's activities and a direct financial interest in the activities." *Microsoft Corp v. Computer Service & Repair, Inc.,* 312 F. Supp. 2d 779, 786 (E.D.N.C. 2004); *see also Symantec Corp., v. CD Micro, Inc.*, 286 F. Supp. 2d 1265, 1275 (D. Or. 2003). Here, the amended complaint sufficiently alleges Mowbray's personal involvement in the alleged patent and trademark infringement to state a cause of action against him personally, subject of course to be proven at trial. The Court also finds that it has personal jurisdiction over Defendant Mowbray under the "effects test," as stated in *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club, Ltd. Partnership,* 34 F.3d 410, 412 (7th Cir. 1994). In upholding personal jurisdiction in the State of Indiana in a trademark suit brought against nonresident defendants, the court found the jurisdictional requirements satisfied because "the defendants assumed the risk of injuring valuable property located in Indiana. Since there can be no tort without an injury, the state in which the injury occurs is the state in which the tort occurs, and someone

Page 12 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

CARR BUTTERFIELD, LLC
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

>who commits a tort in Indiana should, one might suppose, be
>amenable to suit there." [Citations omitted]. As both plaintiffs are
>Colorado corporations, the injury alleged here occurs primarily in
>Colorado, thus even if Defendant Mowbray never traveled to
>Colorado he is amenable to suit here for the injuries he allegedly
>caused here.

*Id* at 3-4.

Not unlike the Court's reliance upon Colorado law and reasoning in *Playhard, Inc.*, *supra*, the same result follows under Oregon law in this action.

### 1. Oregon's Long-Arm Statute (ORCP 4).

The jurisdiction of a federal district court over a defendant is typically governed by the law of the state where the district court sits. *See* FRCP 4(k)(1)(A). In Oregon, courts of general jurisdiction have jurisdiction over parties in certain circumstances, and Oregon courts may prosecute actions against a defendant in this state "as long as it is not inconsistent with the Constitution of this state or the Constitution of the United States." ORCP 4 L.

The Oregon Constitution contains no due process clause. *State ex rel. Jones v. Crookham,* 296 Or 735, 740, 681 P2d 103 (1984). However, ORCP 4 sets forth a "catch-all jurisdictional rule," which confers personal jurisdiction coextensive with due process.

### 2. Constitutional Due Process (defined).

The above jurisdictional analysis begs the question of whether or not the court's exercise over a particular defendant comports with federal due process standards. *See Millennium Enters., Inc. v. Millennium Music, LP,* 33 F. Supp2d 907, 909 (D. Or. 1999). These standards are well-established in United States Supreme Court cases, which have developed different factual scenarios which give rise to personal jurisdiction over foreign corporations based on the "minimum contacts" test. *See Asahi Metal Industry Co. v. Superior Ct.,* 480 U.S. 102 (1987); *Lafayette Ins. Co. v. French,* 59 U.S. (18 How.) 404, 407 (1855) (state has right to impose

Page 13 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

conditions on foreign corporations and when a company sends an agent into the state, the company "must be presumed to have assented to rule").

The basic jurisdictional analysis from *International Shoe Co. v. Washington,* 326 U.S. 310, (1945), applies here:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

This emphasis on "minimum contacts" replaced the prior analytical fiction of "presence" within the forum, and jurisdictional issues (like those argued by defendants in this case) are necessarily resolved on the facts of each case.

> Whether due process is satisfied must depend … upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations.

*International Shoe Co.,* 326 U.S. at 319.

To determine whether or not this court has personal jurisdiction over Zuru Limited (New Zealand), it is improper for the Court to exclusively rely on the movant's legal and factual conclusions (not subject to cross examination), which state the movant has "no contacts" with

Page 14 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

CARR BUTTERFIELD, LLC
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

the forum. Instead, the Court should explore and examine the "quality and nature" of the defendants' activities, and determine if obligations/acts/omissions alleged by Zing arose out of those activities. If there is a question of fact as to such minimum contacts, and Zing meets its initial burden of proof, it would not violate Zuru Limited (New Zealand)'s due process rights to enforce those obligations in this court. *See id.*

In ruling on the *Motion,* the court has discretion to rely on written submissions, or hold a full evidentiary hearing. If the Court chooses not to hear evidence, the plaintiff need make only a prima facie case that personal jurisdiction exists. *See Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 n.3 (9th Cir. 1993) ("well established that where the district court relies solely on affidavits and discovery materials, the plaintiff need only establish a prima facie case of jurisdiction"). As with challenges to subject matter jurisdiction, the Court is required to accept plaintiff's jurisdictional allegations as true and resolve any factual disputes in plaintiff's favor. *Graphic Controls Corp. v. Utah Med. Prods., Inc.,* 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998) (when District Court makes prima facie jurisdictional determination and does not hold evidentiary hearing, court must construe pleadings and affidavits in light most favorable to plaintiff).

To determine whether personal jurisdiction exists, the Court has wide discretion to order discovery on such limited issues**.** *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 241 (5th Cir. 2008). However, even if the Court receives discovery materials, it should not act as fact-finder and should construe all disputed facts in the plaintiff's favor. *Cable/Home Communication Corp. v. Network Prods., Inc.,* 902 F.2d 829, 855 (11th Cir. 1990).

### D. Defendant Zuru, Ltd (New Zealand)'s Minimum Contacts With Oregon.

Notwithstanding its misleading statements to the contrary, Zuru Limited (New Zealand)

Page 15 – PLAINTIFF'S OPPOSITION TO DEFENDANTS ZURU LIMITED'S (New Zealand) MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

has at various times relevant to this action sold, marketed and/or distributed toy products in the United States (and specifically in Oregon), and these actions violated Zing's intellectual property rights. **Butterfield Dec., at ¶ 8.** Zuru Limited (New Zealand) states that:

> <u>It does not engage in any manufacturing or marketing activities any where [sic] in the world, specifically not in the United States.</u> [And,] Zuru Limited (New Zealand) has never earned any business income from any activity or contact with the United States. <u>It has never held assets or employees in the United States</u>.

*Memorandum in Support of Zuru, Ltd (New Zealand)'s Motion to Dismiss,* at 2 (emphasis added).

Zuru Limited (New Zealand) also cites *Smith v. Hobby*, impliedly arguing that Zuru Limited (New Zealand) is like the Hong Kong defendant in that case, who merely advertised on the Internet and did not sell goods in the forum. *Id.* (citing *Smith v. Hobby Lobby Stores*, 968 F Supp. 1356 (W.D. Ark. 1997)). The "quality and nature" of the movant's sales activities with the forum state here are easily distinguished.

Contrary to Zuru Limited (New Zealand)'s above statements (and without the benefit of any discovery whatsoever from defendants), Zing confirmed that, dating back to November 2008, Zuru Limited (New Zealand) has actively conducted business with not only Zing, but also with other domestic business entities (including major U.S. retailers), and Zuru Limited (New Zealand) purposefully availed itself of U.S. laws and protections by attempting to perfect its intellectual property rights in its trademark registered with the United States Patent and Trademark Office. *See* **Butterfield Dec., at ¶ 9,** Exhibit G (Zuru Trademark Registration, filed August 27, 2007.) Clearly, by virtue of registering a trademark in the United States, Zuru Ltd

Page 16 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

(New Zealand) holds "assets in the United States" and has minimum contacts here.

Also contrary to defendant Mathew Mowbray's misleading sworn statement submitted in support of the subject *Motion,* a corporate records search reveals that Zuru Limited (New Zealand) has been actively conducting business long after it was formed in 2001, and certainly conducted business through June 19, 2010, the date upon which the entity's Certificate of Incorporation reveals that Zuru Limited (New Zealand) changed its name effective May, 2008. *See* **Declaration of Mathew Mowbray in Support of Defendant Zuru Limited (New Zealand)'s Motion to Dismiss ("Mowbray Dec."), at 2, ¶¶ 4-7** and *compare with* Exhibit B. With the benefit of access to discovery limited to the jurisdictional issues raised by defendants, Zing expects to more fully develop the long history of Zuru Limited's intricate involvement with various domestic business transactions, to which Zing remains a party and because of which Zing suffered extensive damages. **Butterfield Dec., at ¶ 10.**

As noted above, in support of its *Motion,* Zuru Limited (New Zealand) misleads this court by arguing that for many years dating back to 2001, it has not engaged in any "manufacturing or marketing activities" any place in the world, "specifically not in the United States." Mowbray Dec., at 2, ¶ 5.   As recently as 2007 and continuing through today, however, Zuru Limited (New Zealand) actively marketed, distributed and/or sold toy products for TEAM Zuru, *and* actively litigated on the merits Zuru Limited (New Zealand)'s intellectual property rights for certain toy products sold and/or distributed in the United States. **Butterfield Dec., at ¶ 11.**  Indeed, at least in 2004 and 2006, and on various subsequent dates relevant to this action, Mathew Mowbray visited United States retailers to actively sell, distribute and market Zuru Limited (New Zealand)'s toy products, some of which are at issue in this action. *See* Exhibit H

Page 17 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

at ¶¶ 17-21, 25-34 (Declaration of Jerry Moore) and Exhibit I at ¶¶ 1-9 (Declaration of Jeff Scott), both Declarations filed in *Playhard, Inc., supra*.

In addition to the above, on a regular basis dating back to 2006 and continuing through present, Zuru Limited (New Zealand) has actively and meaningfully participated in, and marketed its products at, various domestic toy fairs annually held in cities across the United States. These include, but are not limited to, the New York City International Toy Fair (annually in January) and the Dallas Toy Fair (annually in October). *Id.* In its pleadings filed in prior United States District court actions, Zuru Limited (New Zealand) admitted that:

    1.    Zuru Limited (New Zealand) has an active and purposeful presence in the U.S. market to serve "a well-defined need in the flying disc markets for high quality products sold at reasonable prices." *See, e.g.,* Exhibit J, at 1.

    2.    At some point after 2004, Zuru Limited (New Zealand) moved its operations to China in order to compete in the mass market and be competitive. Dating back to 2004 and continuing through today, Zuru Limited (New Zealand) promotes its toy products to the mass market, "channeling the products through the major chain retailers world wide. [Zuru Limited (New Zealand) accomplishes this by] promot[ing] using T.V advertising … [The company's marketing plan includes penetration of markets to sell products affiliated with] … American football…[Zuru Limited (New Zealand) prices and distributes its products in the United States] … to succeed in the extremely competitive market [and remain] …competitive on every front…. [Zuru Limited (New Zealand) expressly relies on]… U.S laws [, which] encourage competition as it is good for consumers, and anyone against fair competition and competing in an open market place would be encouraging anti-competitive behavior." *See, e.g.,* Exhibit A, at ¶ 5-14.

Page 18 – PLAINTIFF'S OPPOSITION TO
DEFENDANTS ZURU LIMITED'S (New Zealand)
MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

Zuru Limited (New Zealand)'s above admissions, together with Steve Walterscheid's statement under oath (*see* **Walterscheid Aff**. at ¶ 3 - 5) and the allegations of the *Amended Complaint* and the statement contained herein, clearly meet the minimum contacts test.

### III. CONCLUSION

Based on all of the above, Zuru Limited (New Zealand) has purposefully directed activities with the forum and with Plaintiff Zing Toys, Inc. Many of those directed activities form the basis of claims asserted by Zing Toys, Inc. in this action. Zuru Limited (New Zealand) has enjoyed the privileges of transacting extensive, highly-competitive business in Oregon. Collectively, the "quality and nature" of Zuru Limited (New Zealand)'s business transactions in Oregon satisfy the "minimum contacts" test. Therefore, this court's exercise of personal jurisdiction over Zuru Limited (New Zealand) comports with fair play and substantial justice, and the court should deny Zuru Limited (New Zealand)'s motion to dismiss. Alternatively, the court should stay its final ruling on the subject *Motion* pending a full evidentiary hearing, and grant Zing Toys, Inc. expedited discovery in the form of a Fed. R. Civ. P. 30(b)(6) deposition of Zuru Limited (New Zealand) in Oregon, within the next ten (10) days.

DATED this 7th day of January, 2011.

Respectfully submitted,

CARR BUTTERFIELD, LLC
/s/ Lisanne M. Butterfield
Lisanne M. Butterfield
OSB No. 91368
lbutterfield@carrbutterfield.com
CARR BUTTERFIELD, LLC
155 B. Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: 503-635-5244
Facsimile: 503-635-2955
Trial Attorney: Lisanne M. Butterfield
Attorneys for Zing Toys, Inc.

Page 19 – PLAINTIFF'S OPPOSITION TO DEFENDANTS ZURU LIMITED'S (New Zealand) MOTION TO DISMISS

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS ZURU LIMITED'S (New Zealand) MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all other counsel, including counsel listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Philip S. Griffin
The Griffin Law Group
One World Trade Center
121 SW Salmon Street, Suite 1100
Portland, OR 97221
Telephone: 503-471-1306  Fax: 503-244-3264
phil@griffinlawgroup.com
   Attorney for Defendants Zuru, LLC, Zuru Limited (Hong Kong), Zuru Limited (New Zealand), Zuru, Inc., and Nicholas Mowbray

   DATED this 7th day of January, 2011.

>                         CARR BUTTERFIELD, LLC
>                         /s/ Lisanne Butterfield
>                         Lisanne M. Butterfield, OSB No. 91368
>                         lbutterfield@carrbutterfield.com
>                         CARR BUTTERFIELD, LLC
>                         155 B. Avenue, Suite 240
>                         Lake Oswego, OR 97034
>                         T: 503-635-5244  F:503-635-2955
>                         Trial Attorney: Lisanne M. Butterfield
>                         Attorneys for Zing Toys, Inc.

Page 20 – PLAINTIFF'S OPPOSITION TO DEFENDANTS ZURU LIMITED'S (New Zealand) MOTION TO DISMISS

CARR BUTTERFIELD, LLC
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955