**Lisanne M. Butterfield**
OSB No. 91368
lbutterfield@carrbutterfield.com
**CARR BUTTERFIELD, LLC**
155 B. Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: 503-635-5244
Facsimile: 503-635-2955
Attorneys for Zing Toys, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ZING TOYS, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**ZURU, LLC**, an Oregon limited liability company, **ZURU LIMITED** (Hong Kong), **ZURU LIMITED** (New Zealand), **ZURU, INC.**, **ANNA JANE MOWBRAY,** an individual; **MATTHEW PETER MOWBRAY,** an individual; and **NICHOLAS JAMES MOWBRAY,** an individual; and **JOHN DOES 1 – 10**,<br><br>Defendants. | Case No. CV 10-863-MO<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S <u>MOTION TO STRIKE</u> NOTICE OF WITHDRAWAL OF MOTION FOR PROTECTIVE ORDER FOR NICHOLAS MOWBRAY AND ZURU, LTD. (HONG KONG)**<br><br>**(ORAL ARGUMENT REQUESTED)** |

**MOTION TO STRIKE**

Plaintiff ZING TOYS, INC. ("Zing" or "Plaintiff") submits this memorandum in support

of *Plaintiff's Motion to Strike the Notice of Withdrawal of Motion for Protective Order for*

*Nicholas Mowbray and Zuru, Ltd (Hong Kong)*.

Page 1 – MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S <u>MOTION TO STRIKE</u>
NOTICE OF WITHDRAWAL OF MOTION
FOR PROTECTIVE ORDER FOR NICHOLAS
MOWBRAY AND ZURU, LTD. (HONG KONG)

## MEMORANDUM OF POINTS & AUTHORITIES

### 1. INTRODUCTION

Zing objects to and seeks an order striking the *Notice of Withdrawal of Motion for Protective Order for Nicholas Mowbray and Zuru, Ltd. (Hong Kong)*.[1] This motion is made necessary because Nicholas Mowbray ("Mowbray") and Zuru, Ltd. (Hong Kong) waived their personal jurisdiction defenses by filing their motion for protective order and they should not be permitted to cure that waiver by filing the subject *Notice of Withdrawal*. Additionally, the court should strike from the record the *Notice of Withdrawal* on the basis that it is consists entirely of immaterial, impertinent, and scandalous matters that serve no probative value in this case. Furthermore, the *Notice of Withdrawal* is highly prejudicial to Zing, and it violates LR 83-9, LR 7-1(e)(3) and LR 7-1(b).

### 2. RELEVANT FACTS AND PROCEDURAL POSTURE

On October 26, 2010, Zuru, Ltd. (Hong Kong), Zuru, Inc., and Mowbray filed their respective motions to dismiss (the "*Motions to Dismiss*"*)* based, *inter alia,* on the alleged lack of personal jurisdiction. On November 12, 2010, Zing responded to the *Motions to Dismiss*. On November 26, 2010, Zuru, Ltd. (Hong Kong), Zuru, Inc., and Mowbray filed their reply memorandum in support of the *Motions to Dismiss*. While the *Motions to Dismiss* remain at issue and pending before this court, on December 3, 2010, Zuru, Ltd. (Hong Kong) and Mowbray voluntarily entered an appearance through their counsel of record, Philip S. Griffin, and sought affirmative relief in the form of *Defendants Zuru, LLC, Zuru Limited (Hong Kong) and Nicholas Mowbray's Motion for Protective Order* (the "*Motion for Protective Order"*).

---

[1] The *Notice of Withdrawal of Motion for Protective Order for Nicholas Mowbray and Zuru, Ltd. (Hong Kong)* is referred to hereinafter as the "*Notice of Withdrawal."*

Page 2 – MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE
NOTICE OF WITHDRAWAL OF MOTION
FOR PROTECTIVE ORDER FOR NICHOLAS
MOWBRAY AND ZURU, LTD. (HONG KONG)

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

On December 20, 2010, Zing filed its *Opposition to Defendants Zuru, LLC, Zuru, Ltd. (Hong Kong) and Nicholas Mowbray's Motion for Protective Order,* and argued that Zuru, Ltd. (Hong Kong) and Nicholas Mowbray waived their personal jurisdiction defense by filing the *Motion for Protective Order*.  See Plaintiff's <u>Amended</u> *Opposition to Defendant's Zuru, LLC, Zuru, Ltd. (Hong Kong) and Nicholas Mowbray's Motion for Protective Order ("Plaintiff's Opp. to the Protective Order"),* at 12-14.[2]  Zuru, LLC, Zuru, Ltd. (Hong Kong) and Mowbray filed the *Notice of Withdrawal* <u>after</u> Zing had expended considerable legal expense to prepare an opposition to the *Motion for Protective Order*, and <u>after</u> Zing relied to its detriment on that pending motion in formulating a discovery plan.  Notably, the *Notice of Withdrawal* was filed on December 27, 2010, after Zuru, Ltd. (Hong Kong) and Mowbray purposefully availed themselves of this court's rules and protections.

The *Notice of Withdrawal* improperly seeks to cure Zuru, Ltd. (Hong Kong)'s and Mowbray's previously-waived personal jurisdiction defense by withdrawing (without leave of court) their request for affirmative protective relief.  Incredibly, Zuru, Ltd. (Hong Kong) and Mowbray filed the *Notice of Withdrawal* and recently admitted that they remain at risk of waiving "personal jurisdiction…[by]… voluntarily appear[ing] in court."  *Declaration of Lisanne M. Butterfield in Support of Plaintiff's Motion to Strike Notice of Withdrawal of Motion for Protective Order for Nicholas Mowbray and Zuru, Ltd. (Hong Kong)* ("*Butterfield Dec.*"), at ¶ 2.

---

[2]  On December 23, 2010, Zing filed its <u>Amended</u> *Opposition to Defendants Zuru, LLC, Zuru Ltd. (Hong Kong) and Nickolas Mowbray's Motions for Protective Order*.  The *amendment* was made necessary to correct unintended document conversion errors, and to specifically remove and replace the text on Page 14, Line 19 through Page 15, Line 6.  Defendant Zuru, LLC's *Motion to Strike* did not challenge or otherwise address the appropriateness of Zing's filing an amendment to its original *Opposition to Defendants Zuru, LLC, Zuru Ltd. (Hong Kong) and Nicholas Mowbray's Motions for Protective Order*.

Page 3 – MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S <u>MOTION TO STRIKE</u>
NOTICE OF WITHDRAWAL OF MOTION
FOR PROTECTIVE ORDER FOR NICHOLAS
MOWBRAY AND ZURU, LTD. (HONG KONG)

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

Zuru, Ltd. (Hong Kong) and Mowbray expressly acknowledged that they waived personal jurisdiction by entering an "appearance" in the form of a motion for protective order. *Id.* These Defendants also acknowledged that "if a defendant voluntarily responds or appears before the court, they run the risk of waiving the personal jurisdiction defense." *Id.*, at ¶ 3.

Presumably, Defendants did not file a motion for leave of court to withdraw their motion for protective order because they know that any such "motion" would constitute an "appearance" for purposes of waiving jurisdiction. Thus, Defendants apparently filed the *Notice of Withdrawal* in lieu of a motion for leave of court.

### 3. POINTS AND AUTHORITIES

**A.** **The *Notice of Withdrawal* Should Be Stricken From The Record Because It Includes An Insufficient Defense And Immaterial And Impertinent Matters.**

Fed. R. Civ. P. 12(f)(2) permits a party to move to strike from the record an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The *Notice of Withdrawal* attempts to cure Defendants' previously-waived personal jurisdiction defense. Specifically, the *Notice of Withdrawal* attempts to withdraw the *Motion for Protective Order*, which contains the erroneous and misleading statement that "Nicholas Mowbray and Zuru, Ltd. (Hong Kong) have appeared only to challenge jurisdiction, thus need not respond to discovery requests at this time." *Notice of Withdrawal,* at 1-2. This statement is not only legally argumentative and inaccurate, but also immaterial, impertinent and prejudicial to Zing.

Once waived, the personal jurisdiction defense has no relevance to the issues remaining in dispute. Defendants' attempt to *un-ring* the bell by filing a *Notice of Withdrawal* has the potential to cause duplicitous litigation intertwined with moving targets. *Butterfield Dec.,* at ¶¶ 4 - 5. Indeed, after filing the *Motion for Protective Order* and forcing Zing to incur

Page 4 – MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S <u>MOTION TO STRIKE</u>
NOTICE OF WITHDRAWAL OF MOTION
FOR PROTECTIVE ORDER FOR NICHOLAS
MOWBRAY AND ZURU, LTD. (HONG KONG)

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

significant expense and lost time in pursuing discovery, Defendants Zuru, Ltd. (Hong Kong) and Mowbray should not be now entitled to unilaterally <u>remove</u> from the record legal issues that they placed front and center.  *Butterfield Dec.*, at ¶ 6.

Based on the above, the *Notice of Withdrawal* includes immaterial, impertinent matters that cause prejudice to Plaintiff Zing, and it should therefore be stricken from the record.

**B.**     **The *Notice of Withdrawal* Should Be Stricken From The Record Because Zuru, Ltd. (Hong Kong) And Nicholas Mowbray Waived Personal Jurisdiction And Entered An Appearance Through Counsel**

As Zuru, Ltd. and Mowbray expressly conceded, their filing of the motion for protective order constitutes an "appearance" and waiver of personal jurisdiction.  *See* Fed. R. Civ. P. 12(h)(1) and 2-12 MOORE'S FEDERAL PRACTICE: CIVIL, § 12.31 [3] (2010).  Zuru, Ltd. (Hong Kong) and Mowbray "appeared" by authorizing their counsel of record to file their motions for a protective order.   *See* LR 83-9 ("The filing of any document constitutes an appearance by the attorney who signs the document.")

Since the personal jurisdiction defense has clearly been waived, it can not be revived by the mere filing of a "*Notice of Withdrawal*" after the opposing party (Zing) incurred significant expense to oppose the very motion that Defendants seek to withdraw.  *See Butterfield Dec.*, at ¶ 6.  Moreover, having presented a formal motion for protective order for the court's consideration, a party cannot withdraw such a motion without the consent of the court.  *See Heaberkorn v. Macrae*, 233 N.Y.S.2d 793, 795 (1962) (citations omitted).

While the *Notice of Withdrawal* appears to be a novel and creative attempt to cure an inadvertent waiver of personal jurisdiction, it is not a procedural vehicle that has been permitted by the federal courts.   A review of the Federal Rules of Civil Procedure reveals that they do not specifically address a party's ability to withdraw a motion once it has been filed with the Court.

Page 5 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S <u>MOTION TO STRIKE</u> NOTICE OF WITHDRAWAL OF MOTION FOR PROTECTIVE ORDER FOR NICHOLAS MOWBRAY AND ZURU, LTD. (HONG KONG)

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

*See Robinson v. Worthington*, 544 F.Supp. 956, 963 (D. Ala 1982). While a motion is subject to "timely" amendment, the right to amend is left to the discretion of the trial judge. *Id.,* 544 F. Supp. at 963 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 1194 (1969)). The use of discretion is especially appropriate if the adverse parties *will not be prejudiced* by the amendment, or if the amendment is *necessary* to *insure* that the *case* is *adjudicated fairly and justly*, or if it will help *resolve the litigation* at an *early date*. *Id.*

Generally, with proper leave of court, a motion may be amended at any time before the Court has acted upon the motion. *See id.* However, "it is particularly inappropriate *after briefs have been interposed by the opposing parties*, or oral arguments have been heard, or *other forms of reliance have been built up* on the basis of the original motion." *Id.* (emphasis added). The prejudice to Zing is significant, inasmuch as Zing has been forced to delay discovery and its filing of motions seeking temporary equitable relief and summary judgment. *See Butterfield Dec.*, at ¶ 6.

In deciding whether or not to grant the subject motion to strike or to otherwise allow Defendants to withdraw their *Motion for Protective Order*, the guidance of the United Supreme Court may prove helpful:

> If the underlying facts or circumstances relied upon by [the moving party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as *undue delay*, . . . *undue prejudice to the opposing party by virtue of allowance of the amendment*, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given'.

Page 6 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S <u>MOTION TO STRIKE</u> NOTICE OF WITHDRAWAL OF MOTION FOR PROTECTIVE ORDER FOR NICHOLAS MOWBRAY AND ZURU, LTD. (HONG KONG)

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

*Robinson, supra,* 544 F.Supp. at 964, citing *Foman v. Davis*, 371 U.S. 178 (1962*)* (emphasis added).

Courts do not generally permit the withdrawal of motions over the objection of the opposing party, particularly where (as here) the withdrawal would prejudice the opposing party. *Id.* citing *People v. Higley*, 110 N.Y.S.2d 296 (1952). When a party, after filing a motion, concludes his motion is defective or insufficient in any respect, he must seek leave of court to amend or withdraw his motion *before* filing a unilateral withdrawal. *See, e.g., Kjellander v. Kjellander*, 139 P. 1013, 1014 (S. Ct. Kan. 1914). To maintain the simplicity and order of the court's procedural matters, a moving party should not be entitled to unilaterally withdraw his motion after causing the opposing party to respond, even if the moving party has changed his intended defense strategy or has otherwise realized that his motion waived an important jurisdictional defense. *See generally id.*

Based on the above, the *Notice of Withdrawal* should be stricken from the record.

C.  **The *Notice of Withdrawal* Should Be Stricken From The Record Because It Violates LR 7.1(e)(3)**

Zuru, Ltd. (Hong Kong) and Nicolas Mowbray filed their *Notice of Withdrawal* on December 27, 2010, to attempt to alter their motion for protective order <u>after</u> all briefing was closed. *See* LR 26-3(c), Discovery Motions (Unless otherwise directed by the Court, a movant may not file a reply supporting a discovery motion). Notably, Zuru, Ltd. (Hong Kong) and Mowbray did not seek leave of court to file further briefing, or to supplement or modify the issues raised in their original motion for protective order. By failing to seek leave of court, Zuru, Ltd. (Hong Kong) and Mowbray's *Notice of Withdrawal* violated LR 7.1(e)(3), which

Page 7 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S <u>MOTION TO STRIKE</u> NOTICE OF WITHDRAWAL OF MOTION FOR PROTECTIVE ORDER FOR NICHOLAS MOWBRAY AND ZURU, LTD. (HONG KONG)

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

states that "[l]eave of the court <u>must</u> be obtained to file any memorandum or brief after the reply." (Emphasis added.)

## CONCLUSION

For the reasons stated above, Plaintiff respectfully moves the Court for an order striking the Notice of Withdrawal of Motion for Protective Order for Nicholas Mowbray and Zuru, Ltd. (Hong Kong). Plaintiff reserves its rights to seek costs and fees incurred herein.

DATED this 14th day of January, 2011.

> Respectfully submitted,
>
> CARR BUTTERFIELD, LLC
>
> /s/ Lisanne M. Butterfield
> Lisanne M. Butterfield
> OSB No. 91368
> lbutterfield@carrbutterfield.com
> CARR BUTTERFIELD, LLC
> 155 B. Avenue, Suite 240
> Lake Oswego, OR 97034
> Telephone: 503-635-5244
> Facsimile: 503-635-2955
> Trial Attorney: Lisanne M. Butterfield
> Attorneys for Zing Toys, Inc.

Page 8 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S <u>MOTION TO STRIKE</u> NOTICE OF WITHDRAWAL OF MOTION FOR PROTECTIVE ORDER FOR NICHOLAS MOWBRAY AND ZURU, LTD. (HONG KONG)

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955

## CERTIFICATE OF SERVICE

 I hereby certify that I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE NOTICE OF WITHDRAWAL OF MOTION FOR PROTECTIVE ORDER FOR NICHOLAS MOWBRAY AND ZURU, LTD. (HONG KONG)** with the Clerk of the Court using the CM/ECF system

Philip S. Griffin
The Griffin Law Group
One World Trade Center
121 SW Salmon Street, Suite 1100
Portland, OR 97221
Telephone: 503-471-1306
Facsimile: 503-244-3264
phil@griffinlawgroup.com
  Attorney for Defendants Zuru, LLC, Zuru Limited (Hong Kong),
  Zuru Limited (New Zealand), Zuru, Inc. and Nicholas James Mowbray.

 DATED this 14th day of January, 2011.

            CARR BUTTERFIELD, LLC

            /s/ Lisanne M. Butterfield
            Lisanne M. Butterfield, OSB No.  91368
            lbutterfield@carrbutterfield.com
            CARR BUTTERFIELD, LLC
            155 B. Avenue, Suite 240
            Lake Oswego, OR 97034
            T: 503-635-5244   F:503-635-2955
            Trial Attorney: Lisanne M.  Butterfield
            Attorneys for Zing Toys, Inc.

Page 9 – MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE
NOTICE OF WITHDRAWAL OF MOTION
FOR PROTECTIVE ORDER FOR NICHOLAS
MOWBRAY AND ZURU, LTD. (HONG KONG)

**CARR BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Fax: (503) 635-2955