Philip S. Griffin
Attorney at Law
The Griffin Law Group
One World Trade Center
121 SW Salmon St., Suite 1100
Portland, Oregon USA 97221
Tel. 503.471.1306
Fax. 503.244.3264
Email: phil@griffinlawgroup.com

    Of Attorneys for Defendants Zuru, LLC, and Nicholas Mowbray, individual; and Zuru, Inc. and Zuru, Ltd. (Hong Kong); and Zuru, Ltd. (New Zealand)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ZING TOYS, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ZURU, LLC, an Oregon limited liability company, ZURU LIMITED (Hong Kong), ZURU LIMITED (New Zealand), ZURU, INC., ANNA JANE MOWBRAY, an individual; MATTHEW PETER MOWBRAY, an individual; and NICHOLAS JAMES MOWBRAY, an individual; and JOHN DOES 1 – 10,<br><br>    Defendants. | **Case No. CV10-863-MO**<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU, LTD.'S (NEW ZEALAND) MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(2).**<br><br>**Oral Argument Requested** |

**I. INTRODUCTION**

In the interest of clarity we will address Plaintiff's arguments in the order presented in their opposition document.

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU, LTD.'S (NEW ZEALAND) MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(2).**

Team ZURU

Plaintiff asserts, "At various times relevant to this action, defendants negotiated distribution rights with Zing and defendants did so on behalf of TEAM Zuru. Butterfield Dec., at ¶ 4." (*Plaintiff's Opposition to Defendant Zuru Limited's (New Zealand) Motion to Dismiss*, at 5.)

Although Plaintiff is factually accurate that many email communications from Zuru Inc. use "Team ZURU" in the salutation, there is nothing in the salutation or email that would imply any connection to a New Zealand bases entity. In fact, the most important email communication relating to this matter, an email from July 16, 2009 between key members of Zing Toys and Zuru, indeed closes with "Team ZURU" but does not list New Zealand in any form. (See *Supplemental Declaration of Mathew Mowbray in Support of Reply to Plaintiff's Opposition to Defendant Zuru Limited's (New Zealand) Motion to Dismiss*, at ¶ 8, and Exhibit A.) Plaintiff's is essentially arguing that each and every legal entity in any way related to Zuru Inc. is legally bound to the transactions with Zing Toys by virtue of Zuru Inc. using the slogan "Team ZURU" in email salutations. It is unreasonable to interpret "Team ZURU" as anything other than a catchy slogan to convey enthusiasm. It is irrational for Plaintiff to argue that "Team ZURU" are legally operative words that held-out Zuru Limited (New Zealand) as a signatory to the business dealings with Zing Toys.

Plaintiff also asserts, "Defendants also regularly communicated with Zing through Zuru Limited (New Zealand) and its alter-ego subsidiaries, corporate affiliates, and agents." (*Plaintiff's Opposition* at 5.) First, this factual statement is based upon the declaration of the attorney of record, who lacks personal knowledge of the facts asserted. The declarent for this statement is improper. Second, the statement contains legal conclusions like "alter-ego subsidiaries," without a shred of support. Not one single example or supporting document is provided to support this conclusory statement. It follows that it should not be relied upon in weighing the instant motions.

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU, LTD.'S (NEW ZEALAND) MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(2).**

Page 2

## GURU TOYS LIMITED

Plaintiff contends that Mathew Mowbray's declaration in support of this motion is contradicted by sworn statements made during a prior and unrelated federal court action. (See *Plaintiff's Opposition* at 6.) Once again, Plaintiff has included correct facts yet, omitted other important facts that negate its contentions. In the history of the development of Zuru Inc. and the other current operating entities, GURU TOYS LIMITED (GURU) was the first entity formed. (See *Supplemental Dec. Mowbray* at ¶ 3.) GURU did in fact transact business in the United States, was engaged in litigation in the United States, and even filed a trademark registration for "ZURU". (See *Id.* at ¶ 3.) The important fact is, as noted in Plaintiff's opposition to this motion, on May 8, 2008 Guru Toys Limited changed its name to Zuru Limited. (See Exhibit B of *Plaintiff's Opposition.*) Around this same time, all meaningful business operations were transferred to the newly formed Chinese entity, Zuru Inc. (See *Supplemental Dec. Mowbray* at ¶ 6.)

All of the business activities within the United State took place before the name change and transfer of operations and assets in 2008: the law suit, 2006 (See Plaintiff Exhibit A); the trademark filing, 2007 (See Plaintiff Exhibit G); and the United States business transactions all took place before the transfer to Zuru Inc. and the change from GURU TOYS LIMITED to Zuru Limited. (See *Supplemental Dec. Mowbray* at ¶ 3-6.) The renamed Zuru Limited (New Zealand) has not transacted business within the United States. In fact, the current mailing address is a residence, not an office nor a post office box. (See *Id.* at ¶ 6-7.)

Contrary to Plaintiff's contentions, Mathew Mowbray's declaration in support of this motion is wholly inline with all prior testimony and evidence presented. It is Zuru Inc. that is the primary actor

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU, LTD.'S (NEW ZEALAND) MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(2).**

Page 3

in this entire matter. Zuru Inc. is the entity Zing Toys knew or should have known it was doing business with. (See *Id.* at ¶ 8.)

POINTS OF CLARIFICATION

*Footnote 1*

In footnote 1 on page 7 of *Plaintiff's Opposition*, Plaintiff claims, "The weight and credibility of Zuru Limited (New Zealand)'s factual allegations should be questioned to the extent they are not supported by sworn testimony." (*Plaintiff's Opposition to Defendant Zuru, Ltd (New Zealand)'s Motion to Dismiss*, at 7, Footnote 1.) This statement is patently false. The entire list of facts asserted in the relevant paragraph on page 2 of the instant motion are clearly supported by the accompanying declaration of Mathew Mowbray. The sworn factual support is clearly indicated by the final citation "*See, Declaration Matthew Mowbray."* (*Memorandum in Support of Zuru, Ltd (New Zealand)'s Motion to Dismiss,* at 2.) This is an odd argument for Plaintiff to raise while - as noted in page 2 above - in the same breath it is presenting facts supported by an attorney that was not present to have personal knowledge of the asserted facts.

Furthermore, Plaintiff diverges from the argument contained in footnote 1 into a *non sequitur* about Defendant's not complying with discovery demands. While this motion is not the proper vessel for this discussion, Zuru is compelled to defend against the misstatements. Plaintiff's Exhibit E, a December 10, 2010 letter from Attorney Philip S. Griffin to Plaintiff Attorney Ms. Lisanne Butterfield, clearly sets out why Plaintiff was not yet entitled to the discovery it requested. In short, many of the parties had not yet been served and there had not been a Discovery Conference as required by Fer. R. Civ. Pro. 26(f). ( *Plaintiff's Opposition,* Exhibit E at 2.) Furthermore, Zuru, LLC, the U.S. entity that had been properly served and does not dispute jurisdiction, has repeatedly made itself available for deposition via telephone, video or on site in China or Hong Kong. (See

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU, LTD.'S (NEW ZEALAND) MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(2).**

Page 4

Declaration of Philip S. Griffin, Exhibit 1, December 3, 2010 Email, and Exhibit 2, January 4, 2011 Email). Despite this offer for compromise on deposition format, Plaintiff insists on the unduly burdensome means of forcing the Chinese residents to fly Oregon for a deposition in person.

*Irrelevant Waiver Issue*

Plaintiff spends a sizable portion of its opposition to the instant motion discussing the irrelevant issue of whether Defendants Zuru Limited (Hong Kong) and Nicholas Mowbray waived their rights to challenge personal jurisdiction by filing their motions for protective order. (*See* Plaintiff's Opposition, pp 8-10.) The instant motion is for the dismissal of Zuru, Limited (New Zealand). This is not the forum to discuss the theoretical waiver of any other party's standing to seek dismissal. Plaintiff's argument is a red-herring and an attempt by Plaintiff to confuse the issues. These discussions should be ignored in this motion. The issues Plaintiff raises will be properly argued in the appropriate and separate documents.

DISCOVERY ON JURISIDCIONAL ISSUES

As discussed above, the meaningful business assets and operations, including contacts with the United States, were transferred to the Chinese corporation, Zuru Inc., in 2008. (See *Supplemental Dec. Mowbray* at ¶ 3, 6.; and Exhibit B of *Plaintiff's Opposition.*) This important fact, which Plaintiff raises and then omits from further discussion, neutralizes all arguments that Mr. Mathew Mowbray's statements are inconsistent. Zuru Inc. is the primary entity for all issues in this matter and is not disputing jurisdiction in the United States. Now that Plaintiff has properly served Zuru Limited (New Zealand), it will respond to reasonable and limited discovery on the jurisdictional issues, following a proper discovery conference under Fer. R. Civ. Pro. 26(f).

Despite Zuru's repeated offers to compromise on reasonable discovery methods (see *Dec. Griffin*, Exhibit 1, December 3, 2010 Email, and Exhibit 2, January 4, 2011 Email), Plaintiff insists

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU, LTD.'S (NEW ZEALAND) MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(2).**

Page 5

on taking a Fed. R. Civ. P. 30(b)(6) deposition of Zuru Limited (New Zealand) in Oregon. (See *Plaintiff Opposition* at 19.)  All of the key witnesses reside in China or Hong Kong. (See *Declaration of Anna Mowbray in Support of Defendant Zuru, LLC's Motion for Protective Order*.) The cost of attending a deposition in Oregon, including airfare, lodging and food, will cost approximately $10,000 USD. (See *Id*. at ¶10.)   Plaintiff's insistence on depositions in Oregon is unduly burdensome and costly.

### III. CONCLUTION

In view of Zuru, Ltd.'s (New Zealand) lack of contacts with the United State nor with the Plaintiff, Zuru, Ltd. (New Zealand) respectfully moves the Court for dismissal due to lack of personal jurisdiction.

DATED this __24th__ day of January 2011.

    THE GRIFFIN LAW GROUP

    s/ Philip S. Griffin

    _____

    GRIFFIN LAW GROUP
    Philip S. Griffin
    OSB #87232
    Tel.  503. 471.1306
    Fax. 503.244.3264
    phil@griffinlawgroup.com
    Of attorneys for Zuru, LLC

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU, LTD.'S (NEW ZEALAND) MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(2).**

Page 6

# CERTIFICATE OF SERVICE

I certify that on the 24th day of January, 2011, the foregoing **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU, LTD.'S (NEW ZEALAND) MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(2)** was filed electronically. Notice of this filing will be sent to all other counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Philip S. Griffin
_____
Philip S. Griffin
GRIFFIN LAW GROUP
OSB #87232
Tel. 503. 471.1306
Fax. 503.244.3264
phil@griffinlawgroup.com
Of attorneys for Zuru, LLC

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ZURU, LTD.'S (NEW ZEALAND) MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(2).**

Page 7