IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ZING TOYS, INC., an Oregon corporation**,

    Plaintiff,                                                          No. 3:10-cv-863-MO

          v.                                                          OPINION AND ORDER

**ZURU, LLC, an Oregon limited liability company, et al**.

    Defendants.

**MOSMAN, J.**,

Zuru, LLC's ("Zuru") counterclaim for fraud against plaintiff Zing Toys, Inc. ("Zing") is the conflict at issue here. In response to Zing's Amended Complaint [18], Zuru pleads several counterclaims [91]. Zing takes particular issue with the fraud counterclaim and seeks a more definite and certain statement of pleading [109]. Because Zuru's fraud counterclaim fails to state with particularity the circumstances constituting fraud under Federal Rule of Civil Procedure 9(b), I grant the motion.

## BACKGROUND

Zing designs, licenses, manufactures, and sells toy products in the United States and throughout the world. Am. Compl. [18] 6. Zing alleges it entered a limited distribution agreement with Zuru as early as 2007. *Id*. at 9–10. It contends that this limited distribution agreement specified which toys to be sold in which markets, as well as the royalty rates. *Id*. Zing alleges that after this agreement was finalized, Zuru misappropriated Zing's packaging, trade dress, and other intellectual property (such as patents and toy molds). For example, Zing alleges

1 – OPINION AND ORDER

that Zuru ordered additional Zing toys without its consent and unilaterally deducted percentages from pre-defined royalty rates.  *Id*. at 11.

After a number of conflicts, the parties terminated the agreement.  *Id*. at 17.  Zing alleges that Zuru continues to violate its intellectual property rights across a number of toy lines without authorization.  *Id*. at 19–20.  Zing filed suit against Zuru for various claims related to trademark and patent infringement on July 23, 2010.  Compl. [1].  Because Zuru's corporate structure is unknown, Zing named various Zuru-affiliated entities in its Complaint.  Am. Compl. [18] 2.

In contrast to Zing's "limited distribution agreement" allegations, Zuru contends the parties entered into more extensive joint venture and joint distribution agreements which produced the toys and some of the intellectual property in question.  Zuru disputes that it ever entered into a limited distribution agreement with Zing.  Defs.' Countercls. [91] 6.  Instead, Zuru alleges that the joint venture and joint distribution agreements with Zing addressed product and manufacturing development, quality control, trade dress, pricing and royalties, and marketing for specified joint venture toys.  *Id*. at 6–7.  These joint venture toys include products Zing alleges it only allowed Zuru to access and distribute via the limited distribution agreement.  Am. Compl. [18] 13–14.  Due to confusion about Zing's corporate structure and the relevant parties, Zuru names various Zing-related entities throughout its counterclaim.  Defs.' Countercls. [91] 28–30.

Essentially, Zing and Zuru argue over two claims to similar toys.  Zing argues that it developed and currently owns intellectual property for the toys in question, so Zuru's use of it infringes on Zing's property rights. Zuru argues that the toys were produced through joint venture

and distribution agreements, so Zing's actions constitute interference with Zuru's contracts and property.[1]

In response to Zing's complaint, Zuru advances nine counterclaims. The counterclaims generally chronicle breaches of the joint venture and joint distribution agreements, various fiduciary duties, and interference with economic relationships. *Id*. at 43–60. At issue today is the fifth counterclaim for fraud.

Zuru's fraud theory is that "Walterscheid and/or Cummings, Zing-Worldwide, Zing-LTD.-HK, Zing-US, Zing-Global, Fun Go, Ltd., and/or Zing-HK, individually and collectively, intentionally deceived and misled Zuru, Inc. in regard to their lack of intention to perform under either the Joint Venture Agreement or Distribution Agreement." *Id*. at 50. Zuru indicates that the Zing parties misappropriated Zuru's trade secrets and other proprietary information through deceit and misrepresentation. *Id*. at 50. Zuru also alleges that Zing built and concealed a secret factory in China that was used to construct toy products in violation of the venture and distribution agreements. *Id*. at 51. Due to Zing's alleged misrepresentations, Zuru invested heavily into the joint venture and distribution agreements. Zuru alleges that the breach of those agreements by Zing caused Zuru extensive economic damage. *Id*. at 51.

In response to Zuru's fraud counterclaim, Zing filed a Motion for More Definite and Certain Statement of Pleading [109], arguing in its supporting memorandum that Zuru's counterclaim "lacks the required specificity to put Zing on notice of which fraud statements that Zing allegedly made, to whom, or upon what date." Mem. in Supp. [110] 3. Zing contends it is unclear which defendants to the counterclaim made certain misrepresentations, built the secret

---

[1] Although there are additional toys and intellectual property issues not covered by these broad, simplistic statements, these finer distinctions are irrelevant for the more specific issue at hand: Zuru's fraud counterclaim against Zing.

3 – OPINION AND ORDER

Chinese factory and intentionally concealed it, or when and where any of these alleged misrepresentations occurred.  *Id*. at 4.

Zuru replies to Zing's Motion for More Definite and Certain Statement of Pleading by arguing that its counterclaim was plead in sufficient detail given that it presented twelve pages of specific facts related to Zing's fraudulent conduct.   Countercl. Pl. Resp. [114] 2.   Zuru lists again the counterclaim defendants and relies on previous allegations to argue its facts are sufficiently particular.  *Id*. at 3–4.   Zuru does not specify which counterclaim defendants did what at specified times and/or locations.   Zing replied by going through the specific fraud allegations to highlight ambiguity and lack of detail in the various allegations.   Reply to Mot. for More Definite Statement [116] 2–8.

## DISCUSSION

The central issue in these motions is whether Zuru's fraud counterclaim sufficiently cited the circumstances constituting Zing's fraud to meet Rule 9(b)'s heightened particularity requirement.   I will discuss Rule 9(b)'s specific heightened particularity requirements and Zuru's failure to satisfy them.

### I.    **Rule 9(b): Fraud Claims Stated with Particularity Requirement**

Rule 9(b) "requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"   *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).   The Rule 9(b) particularity requirement is designed "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate."  *Ackerman v. Nw. Mutual Life Ins. Co.* 172 F.3d 467, 469 (7th Cir. 1999).

### A. *Rule 9(b)'s General Factors*

"When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). The Ninth Circuit has interpreted Rule 9(b) to require pleaders to specify the identities of the parties to fraudulent misrepresentations, where and when the alleged misrepresentations occurred, and the specific content of the false misrepresentations. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess*, 317 F.3d at 1106 (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 539 (9th Cir. 1989).

### B. *Individual Identities*

The Ninth Circuit requires that claims for fraud specifically identify individual defendants and their roles. "In cases involving multiple defendants, plaintiffs must specify the role of each defendant in the fraud." *Riley v. Brazeau*, 612 F. Supp. 674, 677 (D. Or. 1985). Grouping defendants together "without identifying the particular acts or omissions that each defendant committed" means the claim fails. *Mostowfi v. i2 Telecom Int'l, Inc.*, 269 Fed. Appx. 621, 624 (9th Cir. 2008). Even if it is possible to identify specific factual allegations by carefully combing through the facts section, a pleading without specifics regarding individual defendants is unsuccessful. *See id*.

Zuru has not sufficiently identified individual Zing parties to meet 9(b)'s requirement that the claim identify the role of each defendant in the fraud. Throughout the claim, Zuru says that "Walterscheid and/or Cummings, Zing-Worldwide, Zing-LTD.-HK, Zing-US, Zing-Global, Fun Go, Ltd., and/or Zing-HK, individually and collectively" misrepresented material facts to Zuru.

5 – OPINION AND ORDER

Defs. Answer to Am. Compl. [91] 50–51. This is not enough. Currently, Zing is required to guess at which of the following entities was involved in the representations. As a result, Zing suffers from a significant disadvantage due to the time and resources required to answer the claim with accurate information in a timely manner. Zuru's current fraud counterclaim fails to meet Rule 9(b)'s heightened particularity requirement by failing to specify individual entities and their roles in the alleged false representations.

Zuru argues that the complexities of Zing's corporate structure and the number of parties involve justify a relaxed standard for specifying individual defendants and their roles. The Ninth Circuit previously rejected this argument. In *Moore v. Kayport Package*, defrauded investors lost money purchasing unregistered securities and sued the principals involved for fraud. 885 F.2d at 534. On appeal, the Ninth Circuit acknowledged that instances of corporate fraud "make it difficult to attribute particular fraudulent conduct to each defendant as an individual." *Id*. at 540. However, the Court rejected the investors' claim because did not adequately state the facts that formed the basis for the claim by identifying the roles of the individual defendants in the misrepresentations. *Id*.

    **C.**    *Time and Location of the Misrepresentations*

Zuru fails to adequately specify when and where Zing's misrepresentations occurred, so its fraud counterclaim fails to meet Rule 9(b)'s particularity standard. In addition to the identities of relevant parties and the content of any representations, pleaders must state the time and place of the false representations. *Schreiber Distrib. Co.*, 806 F.2d at 1401. *See also Vess*, 317 F.3d at 1106. In *Kearns v. Ford Motor Company*, 567 F.3d 1120 (9th Cir. 2009), the Court rejected Kearns's fraud claim against Ford Motor. Kearns alleged that Ford misrepresented the safety and quality of the vehicles advertised in its certified pre-owned vehicle program. *Id*. at 1123. Kearns did not

specify where and when he was exposed to television advertisements and other sales material on which he relied for his purchase of a pre-owned, certified vehicle. *Id*. at 1126. The Ninth Circuit found that Kearns' claim failed to meet Rule 9(b)'s requirements. *Id*. at 1127.

Similarly, Zuru's fraud claim fails to state the time and location of Zing's alleged misrepresentations. Zuru alleges that Zing made false representations to Zuru "[b]eginning in mid-2008" regarding the joint venture agreement. Defs. Answer to Am. Compl. [91] 30. According to Zuru, these representations "took place either face-to-face in Hong Kong and Guangzhou, China, via email, or by telephone." *Id*. at 30. Zuru alleges that certain aspects of the agreement were agreed upon, but does not state when or where this occurred. This example is emblematic of the lack of detail throughout Zuru's fraud claim. Absent additional detail in the fraud counterclaim, Zuru's current claim does not meet Rule 9(b)'s heightened particularity requirement because it does not specify the location or time of the alleged misrepresentations.

    **D.**    *Specific Content of the Misrepresentations*

Rule 9(b) requires that the counterclaim identify the false content of the misrepresentations and why that content is incorrect. A plaintiff must provide more than conclusory allegations or generic facts; the plaintiff must specify what is false or misleading about a statement, and why it is false. *See Moore*, 885 F.2d at 540; *Balke v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988) (holding plaintiffs must specifically describe the representations made and the reasons for their falsity). For example, in *Vess v. Ciba-Geigy Corp. USA*, a patient brought suit against manufacturers of prescription pharmaceuticals, alleging that the manufacturers conspired to increase sales of Ritalin and other drugs for treatment of Attention Deficit Disorder through collusion with psychiatric professionals. The Ninth Circuit rejected the averments of fraud

7 – OPINION AND ORDER

because, among other details, the plaintiff did not identify specific misrepresentations or the content of those misrepresentations. *Vess*, 317 F.3d at 1107.

In this case, Zuru fails to specify the alleged misleading substance of the discussions referenced throughout its claim, so necessarily the fraud claim fails to meet the pleading requirement in Rule 9(b). For example, Zuru only alleges that Zing intentionally deceived and mislead Zuru about its intention to perform under the joint venture and distribution agreements. Defs. Answer to Am. Compl. [91] 50. Zuru also contends that Zing made material misrepresentations to gain access to Zuru's trade secrets and other proprietary information. *Id*. at 51. Not only do these conclusory assertions fail to allege specific facts that would identify the transaction, but there is insufficient information for Zing to make arguments about whether allegations of the misrepresentations are true, false, or mischaracterized.

## CONCLUSION

The Ninth Circuit has held that district courts should grant leave to amend the pleading unless it could not be cured by additional fact allegations. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Because I find Zuru's counterclaim for fraud does not include the requisite particularity to allow Zing sufficient information to defend against the claim, I GRANT Plaintiff and Counterclaim Defendant's Motion for More Definite and Certain Statement of Pleading [109]. Zuru shall have fourteen days after notice of this order to amend its counterclaim.

IT IS SO ORDERED.

DATED this   14th   day of July, 2011.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Court

8 – OPINION AND ORDER